**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SYLVIA SALAS | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Case No.: FILED: MARCH 20, 2008 |
| | ) | 08CV1614      AEE |
| 3M COMPANY | ) | JUDGE MANNING |
| | ) | MAGISTRATE JUDGE COX |
| & | ) | |
| | ) | |
| SEDGWICK CLAIMS | ) | |
| MANAGEMENT SERVICES, INC. | ) | |
| | ) | **Trial by Jury Demanded** |
| Defendants. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, by her attorneys The Case Law Firm, LLC, and for her complaint against the Defendants states as follows:

### Introduction

1. This action arises under the Family Medical Leave Act of 1993, 29 U.S.C. 2601 et seq., as amended (hereinafter "FMLA") and Illinois common law.

### Jurisdiction & Venue

2. Jurisdiction is conferred on this Court by the above-named statute, as well as by 28 U.S.C. § 1331 and § 1367. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391 (b) and (c).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

### Factual Allegations

4. Plaintiff Sylvia Salas ("Plaintiff") is a citizen of the United States and resident of Aurora Illinois. Plaintiff's residence is located in Kane County, Illinois.

5. Defendant 3M Corporation ("Defendant 3M") is a Delaware corporation qualified and doing business in Aurora, DuPage County, Illinois. At all relevant times, Defendant 3M had more than 50 employees at its Aurora location and was an "Employer" as defined by the FMLA.

6. Defendant Sedgwick Claims Management Services, Inc. ("Defendant Sedgwick") is an Illinois corporation doing business in Chicago, Illinois. At all relevant times, Defendant Sedgwick was an "Employer" as defined by the FMLA.

7. At all relevant times, Defendant 3M employed Defendant Sedgwick to administer its benefits including but not limited to FMLA leave.

8. The relevant facts cited herein occurred at either Defendant 3M's location in Aurora, Illinois or at Defendant Sedgwick's location in Chicago, Illinois.

9. Plaintiff began working for Defendant as a Warehouse Operator in October 1997.

10. At all relevant times Plaintiff was an eligible employee as defined by the FMLA.

11. In November 2006, Plaintiff requested intermittent FMLA leave to care for her adult daughter who was suffering from pancreatitis, a serious and potentially life-threatening condition. This recurring condition was disabling and resulted in Plaintiff's daughter being hospitalized for periods of time and being unable to care for herself or perform a number of instrumental activities of daily living.

12. In addition to the pancreatitis which rendered Plaintiff's daughter unable to care for herself, Plaintiff's daughter also suffers from a mental/cognitive disability to such a degree that, even when not afflicted with an intervening condition, she cannot care for herself and cannot perform a number of instrumental activities in daily living, including but not limited to comprehending instructions and/or directions, driving and paying bills. In regard

to managing her pancreatitis, Plaintiff's daughter's cognitive limitations prevented her from being able to comprehend medical diagnoses or make informed decisions as to treatment options both during her hospitalization and afterward during recovery periods.

13. In lodging her November 2006 request, Plaintiff spoke with Amanda Sirian at Defendant Sedgwick. Plaintiff informed Ms. Sirian of her daughter's disabling pancreatitis and underlying mental disability. Plaintiff also offered to provide ample medical documentation of both. Ms. Sirian initially told Plaintiff that she was not eligible for FMLA leave simply because her daughter was over the age of 18. Ms. Sirian then instructed Plaintiff to use her vacation time instead. No knowing what else to do, Plaintiff did was she as told and took vacation time as needed to care for her daughter.

14. By February 2007, Plaintiff had exhausted her vacation time and requested a shift deviation in order to care for her daughter who was still suffering from the recurring pancreatitis. Ms. Barajas denied this deviation and failed to notify Plaintiff of her rights under the FMLA.

15. On or around February 27, 2007, Plaintiff learned that the FMLA did, in fact, permit her to care for her adult daughter and, thus, she formally applied for intermittent leave. Plaintiff initiated this process by contacting Defendant Sedgwick and again speaking with Ms. Sirian, who had previously denied her leave in November 2006.

16. During the February 27, 2007 telephone call, Plaintiff again informed Ms. Sirian of the disabling nature of the pancreatitis and of her daughter's substantial mental limitations and cognitive disabilities which prohibited her from being able to care for herself or appropriately comprehend a doctor's diagnosis or instruction. Plaintiff again offered to provide ample documentation to support these claims.

17.     This time, Ms. Sirian told Plaintiff that her daughter was not limited enough to warrant leave and that unless her daughter "was in diapers and needs round the clock care" she would not qualify for FMLA leave. Ms. Sirian did not cite any provision of the FMLA to support her position.

18.     Despite Ms. Sirian's attempts to dissuade Plaintiff from applying for benefits, Plaintiff proceeded with her application and on March 7, 2007 she received from Defendant Sedgwick a "Notice of Conditional Approval of Intermittent Family Medical Leave Designation." This Notice stated:

> 3M understands that you requested this leave beginning on 03/02/07 and You [sic] will need to take time off from your job due to your family member's serious medical condition and medical appointments. This notice is to inform you that your request for Intermittent Family/Medical leave under 3M's Family/Medical Leave Policy has been: **Conditionally Approved provided you satisfy each of the following requirements**.

The first three requirements pertained to having worked sufficient hours to be an "eligible employee." Plaintiff, as a nine ½ year employee, easily met the first three requirements. The fourth requirement was that Plaintiff return the Medical Certification form within 15 days. The Form was attached to the Notice of Conditional Approval. The letter then clearly stated that that the approval would only be withdrawn if "you do not meet each of these requirements."

19.     The one-page Medical Certification Form questioned her daughter's current condition, probable date of recovery and sought her doctor's signature. It did not seek any information as to Plaintiff's daughter's underlying disability.

20.     Plaintiff returned the completed doctor-signed medical certification form on March 13, 2007.

21.     Based upon the promises made in the Notice of Conditional Approval, Plaintiff

4

began taking periodic leave to care for her daughter.

22. Nearly one month after receiving the Notice of Conditional Approval, on April 2, 2007, Plaintiff received a form letter from Defendant Sedgwick stating that her FMLA request had been denied because her daughter was "over the age of 18." By that time, the intermittent absences which Plaintiff reasonably believed to be FMLA-protected had exceeded Defendant 3M's absentee policy.

23. Based upon this letter, Plaintiff returned to work on April 4, 2007. On that same day, Olga Brojas and Jason Becker terminated Plaintiff for violating Defendant 3M's absentee policy. Defendant 3M elected to take this action despite the fact that Plaintiff made the deciding supervisors specifically aware of her reliance upon the Notice of Conditional Approval.

24. Upon information and belief, Defendant has also similarly interfered with the rights of and retaliated against other employees who have attempted to take FMLA leave.

## COUNT I
## FMLA INTERFERENCE AGAINST DEFENDANT 3M and DEFENDANT SEDGWICK

25. Plaintiff incorporates by reference paragraphs 1-24 as though fully set forth in this Count I.

26. Plaintiff was an eligible employee as defined by the FMLA.

27. Upon receiving reasonable notice from Plaintiff of her need for medical leave, Defendants had a duty to provide Plaintiff with the appropriate medical leave pursuant to the FMLA.

28. Defendants knowingly, intentionally and willfully failed to provide Plaintiff with the leave to which she was entitled.

29. As a direct and proximate result, Plaintiff has suffered loss of employment and great expense including but not limited to loss of health benefits for her and her disabled

daughter.

WHEREFORE, Plaintiff respectfully requests that the Court award her the following relief:

    A.  Enter a finding that Defendants interfered with her FMLA rights;

    B.  Order Defendant 3M to reinstate Plaintiff to her former position at her former rate of pay and benefits;

    C.  Award her lost wages in the form of back pay and, if applicable, front pay;

    D.  Award her Liquidated damages;

    E.  Award her Attorneys' fees and;

    F.  Award any such further relief the Court may deem just and equitable.

## COUNT II
## RETALIATION IN VIOLATION OF THE FMLA AGAINST DEFENDANT 3M

30.    Plaintiff incorporates by reference paragraphs 1-24 as though fully set forth herein.

31.    Plaintiff was an eligible employee pursuant to the FMLA.

32.    Defendant knowingly, intentionally and willfully terminated Plaintiff as a result of Plaintiff exercising her rights under the FMLA.

33.    As a direct and proximate result, Plaintiff suffered loss of employment and other great expense including but not limited to loss of health insurance benefits for her and her disabled daughter.

WHEREFORE, Plaintiff respectfully requests that the Court award her the following relief:

A.    Enter a finding that Defendant retaliated against her in violation of the FMLA;

B.    Order to Defendant 3M to reinstate Plaintiff to her former position at her former rate of pay and benefits;

C.    Award her lost wages in the form of back pay and, if applicable, front pay;

    D.     Award her Liquidated damages;

    E.     Award her Attorneys' fees and;

    F.     Award any such further relief the Court may deem just and equitable.

## COUNT III PROMISSORY ESTOPPEL AGAINST DEFENDANT 3M and DEFENDANT SEDGWICK

34. Plaintiff incorporates by reference paragraphs 1-24 as though fully set forth herein.

35. Defendant unambiguously promised Plaintiff that she would receive FMLA leave if she met four specific conditions.

36. Plaintiff met those four conditions and, thus, relied upon Defendant's promise in taking her leave to care for her disabled daughter.

37. Plaintiff's reliance was reasonable and foreseeable.

38. Plaintiff's reliance was to her detriment in that her taking of the leave resulted in her termination.

39. As a result of her reliance, Plaintiff suffered damages including loss of employment and other great expense.

WHEREFORE, Plaintiff respectfully requests that this Court:

    A.    Order Defendant to reinstate her to her former position at her former rate of pay;

    B.    Award her lost wages and compensation for lost benefits;

    C.    Award her compensatory and punitive damages;

    D.    Award her attorneys' fees;

    E.    Award any such further relief the Court deems justice requires.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein.

                                SYLVIA SALAS

                                By: s/ Kristin M. Case
                                _____
                                One of Her Attorneys

Kristin M. Case
The Case Law Firm, LLC
150 N. Michigan Avenue, Suite 2700
Chicago, Illinois 60601
(312) 920-0400
(312) 920-0800
kcase@thecaselawfirm.com