**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**SYLVIA SALAS,**

           Plaintiff,

    v.

**3M COMPANY & SEDGWICK
CLAIMS MANAGEMENT SERVICES,
INC.,**

           Defendants.

No.  08 CV 1614

Judge Blanche M. Manning

Magistrate Judge Susan E. Cox

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants 3M Company ("3M") and Sedgwick Claims Management Services, Inc. ("Sedgwick"), by and through their attorneys, hereby provide their Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

#### Introduction

1.     This action arises under the Family Medical Leave Act of 1993, 29 U.S.C. 2601, et seq., as amended (hereinafter "FMLA") and Illinois common law.

**ANSWER:**   Defendants admit that Plaintiff purports to bring this action under the Family Medical Leave Act of 1993, 29 U.S.C. 2601, et seq., as amended ("FMLA") and Illinois common law.  Defendants deny any wrongdoing pursuant to the aforementioned laws and deny any remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

#### Jurisdiction and Venue

2.     Jurisdiction is conferred on this Court by the above-named statute, as well as by 28 U.S.C. § 1331 and § 1367.  Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant 28 U.S.C. § 1391(b) and (c).

**ANSWER:**   Defendants admit that this Court has jurisdiction pursuant to the above-

named statute and 28 U.S.C. § 1331 and § 1367, and that venue is proper in the Northern District

of Illinois, Eastern Division pursuant to 28 U.S.C. § 1391(b) and (c).  Defendants deny any

remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**   Defendants admit the allegations contained in Paragraph 3 of Plaintiff's

Complaint.

### Factual Allegations

4.     Plaintiff Sylvia Salas ("Plaintiff") is a citizen of the United States and resident of
Aurora Illinois.  Plaintiff's residence is located in Kane County, Illinois.

**ANSWER:**    Upon information and belief, Defendants admit that Plaintiff is a citizen of

the United States.  Defendants lack sufficient knowledge or information to form a belief as to the

truth or falsity of the remaining allegations in Paragraph 4 of Plaintiff's Complaint and therefore

deny the remaining allegations contained therein.

5.     Defendant 3M Corporation ("Defendant 3M") is a Delaware corporation qualified
and doing business in Aurora, DuPage County, Illinois.  At all relevant times, Defendant 3M had
more than 50 employees at its Aurora location and was an "Employer" as defined by the FMLA.

**ANSWER:**    3M admits that it is a Delaware corporation.  3M also admits that at all

relevant times it had more than fifty employees at its location in Aurora, DuPage County, Illinois

and that it was an "Employer" as defined by the FMLA.  3M denies all remaining allegations in

Paragraph 5 of Plaintiff's Complaint.   The allegations in Paragraph 5 are not directed at

Sedgwick and therefore Sedgwick makes no response to same.

6.     Defendant Sedgwick Claims Management Services, Inc. ("Defendant Sedgwick")
is an Illinois corporation doing business in Chicago, Illinois.  At all relevant times, Defendant
Sedgwick was an "Employer" as defined by the FMLA.

**ANSWER:**    Sedgwick admits that it is an Illinois corporation doing business in

Chicago, Illinois.   Sedgwick denies all remaining allegations in Paragraph 6 of Plaintiff's

Complaint.  The allegations in Paragraph 6 are not directed at 3M and therefore 3M makes no response to same.

7.      At all relevant times, Defendant 3M employed Defendant Sedgwick to administer its benefits including but not limited to FMLA leave.

**ANSWER:**    Defendants admit that Sedgwick administers 3M's benefits, including FMLA leave.  Defendants deny all remaining allegations in Paragraph 7 of Plaintiff's Complaint.

8.      The relevant facts cited herein occurred at either Defendant 3M's location in Aurora, Illinois or at Defendant Sedgwick's location in Chicago, Illinois.

**ANSWER:**    Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 8 of Plaintiff's Complaint and therefore deny the allegations contained therein.

9.      Plaintiff began working for Defendant as a Warehouse Operator in October 1997.

**ANSWER:**    3M admits that Plaintiff began working for 3M as a Warehouse Operator in October 1997.  Sedgwick lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 9 of Plaintiff's Complaint and therefore denies the allegations contained therein.

10.     At all relevant times Plaintiff was an eligible employee as defined by the FMLA.

**ANSWER:**    Defendants deny the allegations in Paragraph 10 of Plaintiff's Complaint.

11.     In November 2006, Plaintiff requested intermittent FMLA leave to care for her adult daughter who was suffering from pancreatitis, a serious and potentially life-threatening condition.  This recurring condition was disabling and resulted in Plaintiff's daughter being hospitalized for periods of time and being unable to care for herself or perform a number of instrumental activities of daily living.

**ANSWER:**    Defendants admit that Plaintiff requested FMLA leave related to her adult daughter in November 2006.  Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 11 of Plaintiff's Complaint and therefore deny the remaining allegations contained therein.

12.    In addition to the pancreatitis which rendered Plaintiff's daughter unable to care for herself, Plaintiff's daughter also suffers from a mental/cognitive disability to such a degree that, even when not afflicted with an intervening condition, she cannot care for herself and cannot perform a number of instrumental activities in daily living, including but not limited to comprehending instructions and/or directions, driving and paying bills.  In regard to managing her pancreatitis, Plaintiff's daughter's cognitive limitations prevented her from being able to comprehend medical diagnoses or make informed decisions as to treatment options both during her hospitalization and afterward during recovery periods.

**ANSWER:**    Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 12 of Plaintiff's Complaint and therefore deny the allegations contained therein.

13.    In lodging her November 2006 requests, Plaintiff spoke with Amanda Sirian at Defendant Sedgwick.  Plaintiff informed Ms. Sirian of her daughter's disabling pancreatitis and underlying mental disability.  Plaintiff also offered to provide ample medical documentation of both.  Ms. Sirian then instructed Plaintiff to use her vacation time instead.  No [sic] knowing what else to do, Plaintiff did was [sic] she as told and took vacation time as needed to care for her daughter.

**ANSWER:**    Defendants admit that Plaintiff spoke with Amanda Sirian at Sedgwick in November 2006 regarding Plaintiff's FMLA request.  Defendants deny all remaining allegations in Paragraph 13 of Plaintiff's Complaint.

14.    By February 2007, Plaintiff had exhausted her vacation time and requested a shift deviation in order to care for her daughter who was still suffering from the recurring pancreatitis. Ms. Barajas denied this deviation and failed to notify Plaintiff of her rights under the FMLA.

**ANSWER:**    3M denies the allegations in Paragraph 14 of Plaintiff's Complaint.  The allegations in Paragraph 14 are not directed at Sedgwick and therefore Sedgwick makes no response to same.

15.    On or around February 27, 2007, Plaintiff learned that the FMLA did, in fact, permit her to care for her adult daughter and, thus, she formally applied for intermittent leave. Plaintiff initiated this process by contacting Defendant Sedgwick and again speaking with Ms. Sirian, who had previously denied her leave in November 2006.

**ANSWER:**    Defendants admit that Plaintiff requested FMLA leave in March 2007. Defendants deny all remaining allegations in Paragraph 15 of Plaintiff's Complaint.

16.     During the February 27, 2007 telephone call, Plaintiff again informed Ms. Sirian of the disabling nature of the pancreatitis and of her daughter's substantial mental limitations and cognitive disabilities which prohibited her from being able to care for herself or appropriately comprehend a doctor's diagnosis or instruction.   Plaintiff again offered to provide ample documentation to support these claims.

     **ANSWER:**     Defendants deny the allegations in Paragraph 16 of Plaintiff's Complaint.

17.     This time, Ms. Sirian told Plaintiff that her daughter was not limited enough to warrant leave and that unless her daughter "was in diapers and needs round the clock care" she would not qualify for FMLA leave.   Ms. Sirian did not cite any provision of the FMLA to support her position.

     **ANSWER:**     Defendants deny the allegations in Paragraph 17 of Plaintiff's Complaint.

18.     Despite Ms. Sirian's attempts to dissuade Plaintiff from applying for benefits, Plaintiff proceeded with her application and on March 7, 2007 she received from Defendant Sedgwick a "Notice of Conditional Approval of Intermittent Family Medical Leave Designation." This Notice stated:

> 3M understands that you requested this leave beginning on 03/02/07 and You [sic] will need to take time off from your job due to your family member's serious medical condition and medical appointments.   This notice is to inform you that your request for Intermittent Family/Medical leave under 3M's Family/Medical Leave Policy has been: **Conditionally Approved provided you satisfy each of the following requirements**.

     The first three requirements pertained to having worked sufficient hours to be an "eligible employee."   Plaintiff, as a nine ½ year employee, easily met the first three requirements.   The fourth requirement was that Plaintiff return the Medical Certification form within 15 days.   The Form was attached to the Notice of Conditional Approval.   The letter then clearly stated that the approval would only be withdrawn if "you do not meet each of these requirements."

     **ANSWER:**     Defendants affirmatively state that the "Notice of Conditional Approval of Intermittent Family Medical Leave Designation" document speaks for itself.   Defendants admit that Plaintiff contacted Sedgwick regarding Family and Medical Leave benefits.   Defendants further admit that a Medical Certification Form was attached to the Notice of Conditional Approval.   Defendants deny all remaining allegations in Paragraph 18 of Plaintiff's Complaint.

19.     The one-page Medical Certification Form questioned her daughter's current condition, probable date of recovery and sought her doctor's signature.   It did not seek any information as to Plaintiff's daughter's underlying disability.

**ANSWER:**    Defendants affirmatively state that the "Medical Certification Form" document speaks for itself.    Defendants deny all remaining allegations in Paragraph 18 of Plaintiff's Complaint.

20.    Plaintiff returned the completed doctor-signed medical certification form on March 13, 2007.

**ANSWER:**    Defendants admit that Plaintiff returned the medical certification form with a doctor's signature on about March 14, 2007.    Defendants deny any remaining allegations in Paragraph 20 of Plaintiff's Complaint.

21.    Based upon the promises made in the Notice of Conditional Approval, Plaintiff began taking periodic leave to care for her daughter.

**ANSWER:**    Defendants deny the allegations in Paragraph 21 of Plaintiff's Complaint.

22.    Nearly one month after receiving the Notice of Conditional Approval, on April 2, 2007, Plaintiff received a form letter from Defendant Sedgwick stating that her FMLA request had been denied because her daughter was "over the age of 18."    By that time, the intermittent absences which Plaintiff reasonably believed to be FMLA-protected had exceeded Defendant 3M's absentee policy.

**ANSWER:**    Defendants admit that Plaintiff's FMLA request was denied on about April 2, 2007.    Defendants affirmatively state that the Notice of Denial speaks for itself.    3M admits that Plaintiff exceeded absences permitted under the applicable attendance program.    Defendants deny all remaining allegations in Paragraph 22 of Plaintiff's Complaint.

23.    Based upon this letter, Plaintiff returned to work on April 4, 2007.    On that same day, Olga Brojas and Jason Becker terminated Plaintiff for violating Defendant 3M's absentee policy.    Defendant 3M elected to take this action despite the fact that Plaintiff made the deciding supervisors specifically aware of her reliance upon the Notice of Conditional Approval.

**ANSWER:**    3M admits that Plaintiff was at work and met with Olga Barajas and Jason Becher on or about April 4, 2007.    3M also admits that Plaintiff was terminated for violating the applicable attendance program.    3M denies all remaining allegations in Paragraph 23 of Plaintiff's Complaint.    The allegations in Paragraph 23 are not directed at Sedgwick and

therefore Sedgwick makes no response to same.

24.    Upon information and belief, Defendant has also similarly interfered with the rights of and retaliated against other employees who have attempted to take FMLA leave.

**ANSWER:**    Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint.

## <u>COUNT I</u>
## <u>FMLA INTERFERENCE AGAINST DEFENDANT 3M and DEFENDANT SEDGWICK</u>

25.    Plaintiff incorporates by reference paragraphs 1-24 as though fully set forth in this Count I.

**ANSWER:**    Defendants incorporate their Answers to Paragraphs 1 through 24 of Plaintiff's Complaint as their Answer to Paragraph 25.

26.    Plaintiff was an eligible employee as defined by the FMLA.

**ANSWER:**    Defendants deny the allegations in Paragraph 26 of Plaintiff's Complaint.

27.    Upon receiving reasonable notice from Plaintiff of her need for medical leave, Defendants had a duty to provide Plaintiff with the appropriate medical leave pursuant to the FMLA.

**ANSWER:**    Defendants deny the allegations in Paragraph 27 of Plaintiff's Complaint.

28.    Defendants knowingly, intentionally and willfully failed to provide Plaintiff with the leave to which she was entitled.

**ANSWER:**    Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint.

29.    As a direct and proximate result, Plaintiff has suffered loss of employment and great expense including but not limited to loss of health benefits for her and her disabled daughter.

**ANSWER:**    Defendants deny the allegations in Paragraph 29 of Plaintiff's Complaint.

WHEREFORE Defendants respectfully request that the Court deny Plaintiff any and all relief requested in Count I.

## <u>COUNT II</u>
## <u>RETALIATION IN VIOLATION OF THE FMLA AGAINST DEFENDANT 3M</u>

The allegations in Count II are not directed at Sedgwick and therefore Sedgwick makes

no response to same.

30.    Plaintiff incorporates by reference paragraphs 1-24 as though fully set forth herein.

**ANSWER:**    3M incorporates its Answers to Paragraphs 1 through 24 of Plaintiff's Complaint as its Answer to Paragraph 30.

31.    Plaintiff was an eligible employee pursuant to the FMLA.

**ANSWER:**    3M denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32.    Defendant knowingly, intentionally and willfully terminated Plaintiff as a result of Plaintiff exercising her rights under the FMLA.

**ANSWER:**    3M denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33.    As a direct and proximate result, Plaintiff suffered loss of employment and other great expense including but not limited to loss of health insurance benefits for her and her disabled daughter.

**ANSWER:**    3M denies the allegations in Paragraph 33 of Plaintiff's Complaint.

WHEREFORE 3M respectfully requests that the Court deny Plaintiff any and all relief requested in Count II.

## COUNT III PROMISSORY ESTOPPEL AGAINST DEFENDANT 3M and DEFENDANT SEDGWICK

34.    Plaintiff incorporates by reference paragraphs 1-24 as though fully set forth herein.

**ANSWER:**    Defendants incorporate their Answers to Paragraphs 1 through 24 of Plaintiff's Complaint as their Answer to Paragraph 34.

35.    Defendant unambiguously promised Plaintiff that she would receive FMLA leave if she met four specific conditions.

**ANSWER:**    Defendants deny the allegations in Paragraph 35 of Plaintiff's Complaint.

36.    Plaintiff met those four conditions and, thus, relied upon Defendant's promise in taking her leave to care for her disabled daughter.

**ANSWER:**    Defendants deny the allegations in Paragraph 36 of Plaintiff's Complaint.

37.    Plaintiff's reliance was reasonable and foreseeable.

**ANSWER:**    Defendants deny the allegations in Paragraph 37 of Plaintiff's Complaint.

38.    Plaintiff's reliance was to her detriment in that her taking of the leave resulted in her termination.

**ANSWER:**    Defendants deny the allegations in Paragraph 38 of Plaintiff's Complaint.

39.    As a result of her reliance, Plaintiff suffered damages including loss of employment and other great expense.

**ANSWER:**    Defendants deny the allegations in Paragraph 39 of Plaintiff's Complaint.

WHEREFORE Defendants respectfully request that the Court deny any and all relief requested by Plaintiff in Count III.

Defendants deny each and every remaining allegation that is not specifically admitted in this Answer to Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state claims for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent this Court lacks subject matter jurisdiction over Plaintiff's claims, the Complaint must be dismissed with prejudice.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims of FMLA interference against Sedgwick should be dismissed because Sedgwick is not an employer subject to the requirements under the FMLA as defined therein.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed to the extent that the incident(s) to which she refers in her Complaint did not qualify her for benefits and/or leave under the FMLA.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed to the extent that she was not an "eligible employee" within the meaning of the FMLA.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff can establish she was "eligible" (which Defendants deny), Plaintiff did not provide notice or information sufficient to make Defendants aware that she was entitled to FMLA-qualified leave.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed to the extent that her adult child did not suffer from conditions sufficient to meet the requirements as defined by the FMLA.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to institute this action within the time required under the applicable statutes of limitations, her claims for relief are barred.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's prayer for relief must fail to the extent that she has failed to mitigate her damages as required by law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to the extent that they are barred, in whole or in part, by the doctrines of waiver, equitable estoppel, unclean hands and/or laches.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to exhaust her administrative remedies, her Complaint must be dismissed with prejudice.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims of interference and retaliation should be dismissed because Defendants'

actions towards Plaintiff were, at all times, based upon legitimate, lawful, and non-retaliatory reasons.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent, if any, that either Defendant is found to have violated the FMLA (which Defendants deny), said violation was not willful.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages for violations of the FMLA must be dismissed because punitive damages are not available under the FMLA.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants acted in good faith at all relevant times.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's request for punitive damages fails because Defendants did not act with malice or reckless indifference to Plaintiff's federally protected rights.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Even if Plaintiff could state a claim for relief in this action, Plaintiff cannot prove actual, punitive or liquidated damages, and hence can only recover nominal damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are subject to the doctrine of after-acquired evidence any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses as established by the facts of the case.

WHEREFORE, Defendants, 3M and Sedgwick, respectfully request that Plaintiff's

claims be dismissed in their entirety and with prejudice; that Plaintiff take nothing by this action; and that Defendants be awarded their reasonable attorney's fees and costs and such other relief as the Court deems just and proper.

Respectfully submitted,


s/Veronica Li
Veronica Li


John A. Ybarra (#06196983)
Veronica  Li (#6286719)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520
Dated: April 21, 2008

## <u>CERTIFICATE OF SERVICE</u>

I, Veronica Li, certify that on April 21, 2008, a copy of the foregoing **Defendants'**

**Answer and Affirmative Defenses to Plaintiff's Complaint** was filed electronically.  Notice of

this filing will be sent to the following party by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.


Kristin M. Case
The Case Law Firm, LLC
150 North Michigan Avenue
Suite 2700
Chicago, IL 60601



s/Veronica Li
Veronica Li