IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SYLVIA SALAS | ) | |
| | ) | |
|        Plaintiff, | ) | |
|   v. | ) | Case No. : 08-CV-1614 |
| | ) | |
| 3M COMPANY, | ) | Judge Manning |
| and SEDGWICK CLAIMS | ) | |
| MANAGEMENT SERVICES, INC., | ) | Magistrate Judge Cox |
| | ) | |

**PLAINTIFF'S MOTION TO QUASH SUBPOENAS SEEKING DOCUMENTS, MOTION FOR PROTECTIVE ORDER AND MOTION FOR SANCTIONS**

Plaintiff, Sylvia Salas, respectfully moves for an order quashing Defendant 3M's and Defendant Sedgwick's subpoenas to her and her daughter's current employers, for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure prohibiting Defendants from issuing subpoenas to any of her or her daughter's subsequent employers and for sanctions against Defendants in the form of payment of her attorneys' fees and costs associated with objecting to the subpoenas and in bringing this Motion.

**Factual Background**

Plaintiff's lawsuit centers around allegations that she was inappropriately denied FMLA leave to care for her adult child suffering from pancreatitis. Plaintiff contends that her daughter was and is mentally disabled and has suffered from severe and life-long learning disabilities and also that she was physically disabled by the pancreatitis, itself.

On Friday August 22, 2008 at 5:16 p.m. Defendants' attorney, Veronica Li, faxed Plaintiff's attorney, Kristin Case, a letter stating, "please accept this letter as notice of our intent to serve subpoenas for documents only on third parties…." The subpoenas were to

be issued to Plaintiff's former and current employers as well as Plaintiff's daughter's former and current employers. The date of mailing on the subpoenas was the same day as the notice--August 22, 2008. Attached as Group Exhibit A is a copy of the facsimile letter, subpoenas as well as a copy of the electronic proof of the time of receipt of the facsimile.

Ms. Li was aware that Ms. Case was out of state attending to certain personal family matters. Ms. Li and Ms. Case had spoke, at length, earlier that morning and Ms. Li did not provide any notice, at that time, of the issuance of the subpoenas. Moreover, Ms. Li and Ms. Case had been communicating via email throughout the week regarding various discovery matters. Despite these telephonic and email communications and despite knowing that Plaintiff's counsel was out of town, Ms. Li elected to provide Plaintiff's counsel with "notice" by faxing the notice to Plaintiff's counsel's office after regular business hours.

Prior to the issuance of the subpoenas, Plaintiff had provided Defendant with ample information about her job search efforts and her new position which she started less than two months ago. During her deposition, Plaintiff also provided Defendants with ample information about her disabled daughter's employment at Burger King and her employment with past employers. Defendants have never claimed that Plaintiff's discovery responses are deficient. Despite having this wealth of information, Defendants' subpoenas to Plaintiff's current employer requested the following:

"Any and all records regarding Sylvia Salas (D.O.B. ▮▮▮▮, SS# ▮▮▮▮▮▮▮▮) which in any way constitute, evidence, contain, discuss or refer to, directly or indirectly:

-any and all applications for employment and related documentation;

-any and all resumes, cover letters, interviews and/or other records of employment history;

-any and all time sheets, attendance records, correspondence, notes, memoranda regarding same;

--offers of employment, job descriptions, job duties and/or requirements;

-terms, benefits and conditions of employment;

-employment contracts, if any;

-evaluations, reviews, appraisals and/or other communications of any kinds, whether formal or informal, relating to the job performance, conduct and/or behavior of Sylvia Salas;

-formal and/or informal warnings to, reprimands of, and/or discipline regarding Sylvia Salas;

-salary, wages, earnings, compensation, commissions, bonuses, benefits of any kinds, and/or any other form of income or remuneration provided or due Sylvia Salas;

-complaints, grievances or reports about Sylvia Salas from other employees, documents relating to charges or complaints of unfairness, documents pertaining to any lawsuits filed by Sylvia Salas, and documents pertaining to the outcomes of such lawsuit(s); and

-documents pertaining to discrimination and/or harassment claims, grievances, or complaints made by or against Sylvia Salas, and investigatory records regarding same in your possession.

The request to Plaintiff's daughter's employer was identical, except, of course, it

contained Plaintiff's daughter's name rather than Plaintiff's name.[1]

Despite the after-business-hours notice, Plaintiff's counsel learned of the subpoenas that same day and, approximately five hours later, at 10:33 p.m., sent Ms. Li an email objecting to the issuance of the subpoena to Plaintiff's and her daughter's current employers. Attached as Exhibit B is a copy of this objection. In her email to opposing counsel, Plaintiff's counsel expressed concern that a subpoena to the current employers could interfere with Plaintiff's and her daughter's employment.

Still assuming at that time that Defendant had provided Plaintiff with the proper notice, Plaintiff's counsel also sent another communication to Defendants' attorneys the following morning, August 23, 2008, stating that she intended to move for the entry of a protective order and, again, iterating that she feared that Plaintiff would be terminated if the subpoena was sent. Plaintiff asked that Defendants refrain from issuing the subpoenas until this Court could have a chance to rule on the motion for protective order. Attached as Exhibit C is a copy of this communication. By way of compromise, Plaintiff's counsel stated that she would not object to the subpoenas to Plaintiff's past employers.

Despite these communications and despite Defendants' August 22 letter which stated that they "intended" to send the subpoenas, on August 23, 2008, Defendants' counsel informed Plaintiff's counsel that the subpoenas had already been sent the previous day (the same day as the after-hours notice) via U.S. Mail. Attached as Exhibit D is a copy of this communication. After receiving this communication and in continued Rule 37 efforts, Plaintiff's counsel sent Defendants' counsel an email requesting that the

---

[1] It is absolutely inconceivable how most, if not all, of the information sought in the subpoena to Plaintiff's disabled daughter's current employer is relevant to the question of whether or not she was sufficiently limited to justify her mother using FMLA leave to care for her.

subpoenas be withdrawn in order to allow the court to consider Plaintiff's motion to quash and/or motion for protective order. Attached as Exhibit E is a copy of this communication. To date, Defendants' counsel has refused to withdraw the subpoena.

**Argument**

**1.      Defendants Failed to Comply with Rule 45's Notice Provisions.**

Federal Rule of Civil Procedure 45(b)(1) states: "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." The Advisory Committee's Notes, by way of explanation regarding the revised Rule 45, stated, [T]he purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things. See also, *Woods v. Fresenius Medical Care Group of North America*, 2008 WL 151836 (S.D.Ind.,2008)(court explaining in Footnote 1 that the 2007 amendments to Rule 45(b)(1) make it clear that notice prior to service is required). The *Woods* decision is attached as Exhibit F.

In this case, Defendant's counsel, knowing that Plaintiff's counsel was out of town attending to personal family matters, did not provide notice until after 5:00 p.m. on Friday. The subpoenas were mailed that same day and, thus, notice was, at best, provided contemporaneously; not prior to service as is required by Rule 45. For that reason, alone, Defendants' subpoenas should be quashed.

**2.      A subpoena to Plaintiff's current employer is unduly harassing and intrusive, and alternative means for obtaining any relevant documents have already been used and continue to be available.**

The scope of discovery under Rule 26 and Rule 45 is broad but not unlimited.

The type of open-ended search which is contained in Defendants' subpoenas does not meet the standard of being reasonably calculated to lead to the discovery of admissible evidence. During written discovery, Plaintiff provided ample information, via interrogatory answers, document production and deposition answers regarding her daughter, her own mitigation efforts, her new employment, her salary and benefits at her new employer and her duties and responsibilities at her new employer. Defendant has never claimed that Plaintiff's answers and/or document production were deficient. Moreover, during her deposition, on August 19, 2008, Defendants' counsel asked Plaintiff a number of questions regarding her and her daughter's employment and certainly had the opportunity to ask whatever other questions Defendants might have sought. Finally, discovery has not yet closed and if Defendants feel as if they need additional information they certainly could seek it via additional written discovery.

In a similar situation, Judge Shadur granted a protective order prohibiting the defendant from serving a subpoena on the plaintiff's current employer for all her employment records. In this case, the defendant had provided the proper notice and permitted plaintiff time to object. (Group Exhibit G: Order and Transcript of ruling). In his ruling, Judge Shadur noted that "there is too much potential prejudice to somebody's current employment" and that such a request "has all of the earmarks of basically harassment." (p.3; line 23-25; p. 4; 19-25); See also *Perry v. Best Lock Corp.*, 1999 WL 33494858 (S.D.Ind. Jan. 21,1999)(granting plaintiff's motion to quash 19 subpoenas served on past, present, and prospective employers) and *Graham v. Casey's General Stores, Inc.*, 206 F.R.D 251, 254 (S.D. Ind. 2002)(granting motion to quash subpoena to plaintiff's current employer). Attached as Exhibit H is a copy of the *Graham* decision.

Plaintiff has been employed in her present job for less than two months. She has legitimate concerns that a subpoena to her current employer would cause problems. By serving a subpoena on her current employer, defendants will effectively advise Plaintiff's current employer that she is involved in a lawsuit against her former employer, that she may be a "troublemaker." As one district judge noted in a case raising the same issues, the plaintiff "has a legitimate concern that a subpoena sent to her current employer under the guise of a discovery request could be a tool for harassment and result in difficulties for her in her new job." *Id.* at 256.

### 2. Plaintiff should be awarded her attorneys' fees and costs in objecting to the untimely subpoenas and in filing this Motion.

In addition to the motion to quash and motion for protective order, Plaintiff requests that this Court award her sanctions against the Defendants in the form of payment of her attorneys' fees and costs. Plaintiff requests these sanctions for two reasons: 1) Defendants disregarded Rule 45 and 2) Defendants refused to employ less intrusive means of obtaining the information.

First, a number of cases have awarded sanctions when a party disregards Rule 45's notice provisions. See, *Judson Atkinson Candies, Inc. v. Latini-Hohberger Shimantec*, 476 F.Supp.2d 913, 930 (N.D. Ill. 2007)(court awarding sanctions to Defendant in the form of attorneys fees and costs when Plaintiff failed to comply with Rule 45's notice provisions); see also, *Dupuis v. City of Hamtramack*, 2007 WL 4201132 (E.D.Mich.,2007)(court awarding as sanction movant's costs in objecting to subpoena and in bringing motion when Defendant's counsel failed to provide appropriate notice under the prior version of Rule 45(b)(1)). Attached as Exhibit I is a copy of the *Dupuis* decision.

Second, Defendants' actions in serving the subpoenas, after either having received or having the opportunity to receive all relevant information via discovery and depositions, appears to be nothing more than an attempt to harass the Plaintiff and further retaliate against her and her daughter. Such action violates Rule 26. In *Conrod v. Bank of New York*, 1998 WL 430546 (S.D.N.Y. 1998), the court addressed the same tactic that the Defendants in this case seek to employ:

> By issuing a subpoena to plaintiff's current employer, defense counsel caused plaintiff to worry about her continued employment relationship, in a manner amounting to harassment. Because of the direct negative effect that disclosures of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort. "The spirit of [26(g)] is violated when discovery is used as a tactical weapon rather than to explore a party's claims and the facts connected therewith."

In *Conrod*, which is attached as Exhibit J, the court imposed sanctions in part because defense counsel issued a subpoena to the plaintiff's current employer without adequately first attempting to obtain the information sought through other means. *Id.* at *2 n3. The same should be true here.

WHEREFORE, Plaintiff Sylvia Salas respectfully requests that this Court:

1. Quash Defendants' subpoenas to her and her daughter's current employers;

2. That it issue a protective order prohibiting Defendants from issuing any future subpoenas to any other subsequent employers, and from otherwise contacting her or her daughter's current and subsequent employers, with respect to their employment;

3. Sanction Defendants by ordering them to pay her attorneys' fees and costs associated in objecting to the subpoenas and bringing this Motion.

        Respectfully Submitted,

        SYLVIA SALAS



        By: s/ Kristin M. Case
           Her Attorney

Kristin M. Case
The Case Law Firm, LLC
150 North Michigan Avenue, Suite 2700
Chicago, Illinois 60601
Tel. (312) 920-0400
Fax (312) 920-0800
kcase@thecaselawfirm.com