IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SYLVIA SALAS                          )
                                      )
                Plaintiff,            )
        v.                            )        Case No. : 08CV1614
                                      )
3M COMPANY,                           )        Judge Manning
and SEDGWICK CLAIMS                   )
MANAGEMENT SERVICES, INC.,            )        Magistrate Judge Cox
                Defendants.           )

## PLAINTIFF'S EXHIBITS TO HER MOTION TO COMPEL, MOTION FOR PROTECTIVE ORDER AND MOTION FOR SANCTIONS



## LITTLER MENDELSON®

August 22, 2008

Veronica Li
Direct: 312.795.3260
vli@littler.com

**VIA FACSIMILE**

Kristin M. Case
The Case Law Firm, LLC
150 North Michigan Avenue
Suite 2700
Chicago, IL 60601
(312) 920-0800 (fax)

Re:    *Salas v. 3M Company & Sedgwick Claims Management Services, Inc.*

Dear Ms. Case:

Please accept this letter as notice of our intent to serve a subpoena for documents only on third parties Auntie Anne's, Inc. Burger King, Corp., Jewel Food Stores, Inc., Benchmark Staffing, Inc. and Optimum Nutrition, Inc.. Enclosed are a copies of the subpoenas. Should you have any questions regarding the enclosed, please contact me directly.

Sincerely,

Veronica Li / kld

Veronica Li

Enclosure

OAO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

SYLVIA SALAS

v.

3M COMPANY and SEDGWICK CLAIMS
MANAGEMENT SERVICES, INCL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 08-cv-1614

TO:    Optimum Nutrition, Inc.
Attn: Custodian of Records
c/o Kenneth W. Clingen
2100 Manchester Road, #1750
Wheaton, Illinois 60187

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or object at the place, date, and time specified below (list documents or objects):

See Attached Rider.

| PLACE | DATE AND TIME |
|---|---|
| Littler Mendelson, P.C., 200 N. LaSalle St., Suite 2900, Chicago, IL 60601 | September 5, 2008, 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Defendants | DATE August 22, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Veronica Li, LITTLER MENDELSON P.C., 200 N. LaSalle St., Suite 2900, Chicago, IL 60601, 312-795-3260

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | August 22, 2008 | 2100 Manchester Road, #1750 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Optimum Nutrition, Inc. | U.S. Postal Service with proper postage pre-paid |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Veronica Li | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    **August 22, 2008**
DATE

SIGNATURE OF SERVER

200 N. LaSalle, Suite 2900, Chicago, IL 60601
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## RIDER

Any and all records regarding **Sylvia Salas (DOB: 06/18/71, SS#: 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)**, which in any way constitute, evidence, contain, discuss or refer to, directly or indirectly:

-any and all applications for employment and related documentation;

-any and all resumes, cover letters, interviews and/or other records of employment history;

-any and all time sheets, attendance records, correspondence, notes, memoranda regarding same;

-offers of employment, job descriptions, job duties and/or requirements;

-terms, benefits, and conditions of employment;

-employment contracts, if any;

-evaluations, reviews, appraisals and/or other communications of any kind, whether formal or informal, relating to the job performance, conduct, and/or behavior of Sylvia Salas;

-formal and/or informal warnings to, reprimands of, and/or discipline regarding Sylvia Salas;

-salary, wages, earnings, compensation, commissions, bonuses, benefits of any kind, and/or any other form of income or renumeration provided or due Sylvia Salas;

-complaints, grievances or reports about Sylvia Salas from other employees, documents relating to charges or complaints of unfairness, documents pertaining to any lawsuits filed by Sylvia Salas, and documents pertaining to the outcome of such lawsuit(s); and

-documents pertaining to discrimination and/or harassment claims, grievances, or complaints made by or against Sylvia Salas, and investigatory records regarding same in your possession.

OAO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

SYLVIA SALAS

v.

3M COMPANY and SEDGWICK CLAIMS
MANAGEMENT SERVICES, INCL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 08-cv-1614

TO:   Burger King Corporation
      Attn: Custodian of Records
      c/o CT Corporation System
      208 South LaSalle Street, Suite 814
      Chicago, IL 60604

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or object at the place, date, and time specified below (list documents or objects):

See Attached Rider.

| PLACE Littler Mendelson, P.C., 200 N. LaSalle St., Suite 2900, Chicago, IL 60601 | DATE AND TIME September 5, 2008, 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Defendants | DATE August 22, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Veronica Li, LITTLER MENDELSON P.C., 200 N. LaSalle St., Suite 2900, Chicago, IL 60601, 312-795-3260

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | August 22, 2008 | 208 South LaSalle Street, Suite 814, Chicago, IL 60604 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Burger King Corp. c/o CT Corporation System | U.S. Postal Service with proper postage pre-paid |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Veronica Li | Attorney |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | August 22, 2008 | |
|---|---|---|
| | DATE | SIGNATURE OF SERVER |

200 N. LaSalle, Suite 2900, Chicago, IL 60601
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# RIDER

Any and all records regarding **Vanessa Robles (DOB: 10/12/85, SS#: 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)**, which in any way constitute, evidence, contain, discuss or refer to, directly or indirectly:

-any and all applications for employment and related documentation;

-any and all resumes, cover letters, interviews and/or other records of employment history;

-any and all time sheets, attendance records, correspondence, notes, memoranda regarding same

-offers of employment, job descriptions, job duties and/or requirements;

-terms, benefits, and conditions of employment;

-employment contracts, if any;

-evaluations, reviews, appraisals and/or other communications of any kind, whether formal or informal, relating to the job performance, conduct, and/or behavior of Vanessa Robles;

-formal and/or informal warnings to, reprimands of, and/or discipline regarding Vanessa Robles;

-salary, wages, earnings, compensation, commissions, bonuses, benefits of any kind, and/or any other form of income or renumeration provided or due Vanessa Robles;

-complaints, grievances or reports about Vanessa Robles from other employees, documents relating to charges or complaints of unfairness, documents pertaining to any lawsuits filed by Vanessa Robles, and documents pertaining to the outcome of such lawsuit(s); and

-documents pertaining to discrimination claims, grievances, or complaints made by or against Vanessa Robles, and investigatory records regarding same in your possession.

Kristin Case

| | |
|---|---|
| From: | tel: 3123725520 [unknown_caller@um.att.com] |
| Sent: | Friday, August 22, 2008 5:16 PM |
| To: | CASE: LAW FIRM THE |
| Subject: | Fwd: Fax message from unknown caller (3123725520) |
| Attachments: | fax.tif |

**Kristin Case**

From:      Kristin Case [kcase@thecaselawfirm.com]
Sent:      Friday, August 22, 2008 10:33 PM
To:        'Li, Veronica'
Cc:        'Ybarra, John A.'
Subject:   Salas v. 3M & Sedgwick

Dear Veronica and John:

I received Veronica's fax regarding the subpoenas that you intend to issue. Please be advised that I strongly object to the subpoenas that you intend to send to Ms. Salas' current employer as well as Ms. Roebles' current employer. Any information sought in these subpoenas could be obtained from far less intrusive means. There are many cases in which subpoenas to current employers have been quashed as being overly intrusive. See, for example, *Poulos v. Village of Lindenhurst*, 2002 WL 485384 (N.D. Ill 2002); *Woods v. Fresenius Medical Care Group of North America*, 2008 WL 151836 (S.D.Ind.2008).

Pursuant to Rule 37, I am specifically requesting that you refrain from serving these subpoenas as I fear that either Ms. Salas or her daughter (both of whom just recently started their jobs) will face termination or other adverse consequences should you proceed. Please confirm that you will refrain from sending these subpoenas. If you proceed, we will file a motion to quash.

Please feel free to call me or email me with any issues.

Thank you in advance for your cooperation.

Kristin M. Case

The Case Law Firm, LLC
150 N. Michigan Ave., Suite 2700
Chicago, Illinois 60601
312-920-0400
312-920-0800 (fax)
kcase@thecaselawfirm.com

8/25/2008

## Kristin Case

**From:**   Kristin Case [kcase@thecaselawfirm.com]
**Sent:**   Saturday, August 23, 2008 10:56 AM
**To:**   'Li, Veronica'; 'Ybarra, John A.'
**Subject:** Salas v. 3M & Sedgwick

Good morning Veronica and John:

In furtherance of my email to you both yesterday, please be advised that we intend to file a motion for protective order in response to the subpoenas you intend to issue to Ms. Salas and Ms. Roebles' current employers. By way of compromise, I am fine with you sending subpoenas to past employers.

I would respectfully request that you wait to serve the two subpoenas to the two current employers so that Judge Cox may rule on my motion first. I said yesterday, I strongly believe that service of such subpoenas could have very detrimental effects upon my client's and her daughter's employment.

Moreover, I encourage you to explore the case law addressing subpoenas to current employers. As you will see, there are many, many cases in which courts have granted protective orders and/or motions to quash. I hope that we can reach an agreement prior to me having to file a motion for a protective order.

Please let me know your thoughts.

Kristin M. Case

The Case Law Firm, LLC
150 N. Michigan Ave., Suite 2700
Chicago, Illinois 60601
312-920-0400
312-920-0800 (fax)
kcase@thecaselawfirm.com

## Kristin Case

**From:**   Li, Veronica [VLi@littler.com]
**Sent:**   Saturday, August 23, 2008 4:36 PM
**To:**   Kristin Case; Ybarra, John A.
**Subject:** RE: Salas v. 3M & Sedgwick

Kristin:

As stated in my prior email today, I have reviewed the case law you provided; however, those cases do not support a blanket prohibition on subpoenas to current employers.  The standard properly noted in those cases is whether the subpoena seeks relevant information to any claim or defense in the lawsuit or was reasonably calculated to lead to the discovery of admissible evidence.  I have outlined how our subpoenas meet these standards in my prior email today as well.  Please let me know if there is additional authority you would like me to consider, and of course, I will review it.

Also, pursuant to Federal Rule of Civil Procedure 45(b)(1), we satisfied all of its requirements and provided you notice of the subpoenas before they had been served.  You will also note that all but one was sent via U.S. Mail, and I cannot stop the U.S. Post Office.

The one subpoena we did not issue by U.S. Mail was to the former employer Auntie Anne's, Inc. in Springfield . We sent this subpoena via Federal Express, and therefore, were able to place a hold on its delivery even though you did not specifically request us to do so for former employers.

Again, I am not sure if by your email this morning you are available to discuss this matter today, but, if you are available, I can call you on your cell.  I will also make myself available to discuss on Monday.

Please let me know your availability.


Thanks,
Veronica

D

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2008 WL 151836 (S.D.Ind.)

Page 1

Woods v. Fresenius Medical Care Group of North America
S.D.Ind.,2008.
Only the Westlaw citation is currently available.
United States District Court,S.D.
Indiana,Indianapolis Division.
Josephine WOODS, Plaintiff,
v.
FRESENIUS MEDICAL CARE GROUP OF NORTH AMERICA, d/b/a Renal Care Group, Inc., et al., Defendants.
**No. 1:06-cv-1804-RLY-WTL.**

Jan. 16, 2008.

Tae K. Sture, Sture Legal Services LLC, Indianapolis, IN, for Plaintiff.
Nadine C. Abrahams, Jackson Lewis LLP, Chicago, IL, Andrew W. Gruber, Christopher R. Taylor, Bingham Mchale LLP, Indianapolis, IN, for Defendants.

### *ENTRY ON MOTION TO QUASH*

Hon. WILLIAM T. LAWRENCE, United States Magistrate Judge.
**\*1** This cause is before the Magistrate Judge on the Plaintiff's motion to quash. The motion is fully briefed, and the Magistrate Judge, being duly advised, **GRANTS** the motion for the reasons set forth below.

Plaintiff Josephine Woods alleges in this case that the Defendants discriminated against her on the basis of her race by reducing her work hours and denying her a promotion and then retaliated against her for filing discrimination charges and otherwise complaining about discriminatory conduct. In the instant motion, the Plaintiff seeks to quash the non-party subpoenas issued by Defendant Fresenius Medical Care Group of North America (hereinafter "the Defendant") seeking her employment records from her employer immediately prior to the Defendant and her current employer.[FN1] The Plaintiff argues that she has a privacy interest in the documents sought by the subpoenas and that the documents are irrelevant to the claims and defenses in this case.

FN1. As an initial matter, the Plaintiff argues that the Defendant violated Federal Rule of Civil Procedure 45(b)(1) by failing to give her notice of the subpoenas before it served them. The subpoenas were issued prior to the December 1, 2007, amendment of Rule 45(b)(1) which makes it clear that such notice is required. Under the previous version of the rule, it was ambiguous whether the notice was required prior to service of a subpoena or prior to the return date listed on the subpoena, although courts had "tended to converge on an interpretation that requires notice to the parties before the subpoena is served."Rule 45(b)(1) Advisory Committee's Note.

In response, the Defendant first argues that the Plaintiff lacks standing to seek to quash the subpoenas. This argument is without merit. "A party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests."U.S. v. Raineri, 670 F.2d 702, 712 (7th Cir.1982).[FN2] The Plaintiff correctly asserts that she has a legitimate interest in protecting the confidentiality of much of the information contained in her employment records and also in maintaining a relationship with her current employer. The Defendant responds to this argument as follows: "If Plaintiff's argument is taken to its logical extreme, any time a defendant issues a subpoena for employment records in an employment discrimination matter, such subpoena should be quashed because it seeks personnel records. That is contrary to the law and illogical."Defendant's Response at 2. It is the Defendant's argument that is illogical, however. To say that the Plaintiff's interest in the private information contained in the records sought by the Defendant gives her standing to object to the subpoenas is not the equivalent of saying that the subpoenas should be quashed; rather, it simply means that the Plaintiff is entitled to have her arguments heard on the issue.

FN2. The Defendant cites to three unpublished decisions in support of its argument that the Plaintiff lacks standing to

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d                                                                Page 2
Not Reported in F.Supp.2d, 2008 WL 151836 (S.D.Ind.)

move to quash the subpoenas because they were not issued to her. However, the Defendant fails to acknowledge that while these cases each state the proposition that "[p]arties do not *generally* have standing to bring a motion to quash on behalf of a subpoena recipient,"*Hunt v. Northwest Sub. Comm. Hosp.,* 2006 U.S. Dist. LEXIS 3281 at *4 (N .D.Ill. Jan. 30, 2006) (emphasis added), they also each recognize the fact that "a party to the case gains standing when an assertion of 'personal right or privilege' is made regarding the sought-after documents."*Manufacturer Direct, LLC v. Directbuy, Inc.,* 2007 U.S. Dist. LEXIS 10250 at *5,2007 WL 496382 (N.D.Ind. Feb. 12, 2007).

Next, the Defendant argues that the information sought by the subpoenas is relevant and discoverable because it is "information relating to [the Plaintiff's] employment, which she has put at issue in this matter."However, the Plaintiff has not placed her entire employment history at issue, but rather only her employment with the Defendant. While it is certainly theoretically possible that records from a previous or subsequent employer might be relevant in an employment discrimination case, such a theoretical possibility does not make the records discoverable. Rather, the Defendant must demonstrate that the documents it seeks actually are relevant to the claims and defenses in this case. Further, it is the Court's duty to consider whether "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in this litigation, and the importance of the proposed discovery in resolving the issues ."Applying these factors leads to the conclusion that an employment discrimination plaintiff does not open her entire work history up for discovery by the defendant as a matter of course; rather, the defendant must demonstrate a specific reason why the information is relevant to the particular claims and defenses in the case at hand. In other words, absent a showing that the subpoenas are reasonably calculated to lead to the discovery of admissible evidence, the Defendant is simply embarking on the proverbial fishing expedition, and the theoretical potential relevance of any information obtained by such discovery is outweighed by the interests of the

plaintiff discussed above.

**\*2** The Defendant makes several arguments regarding the relevance of the information it seeks in this case. First, it argues that because "Plaintiff's managerial and supervisory experience were among the reasons for its decision not to select Plaintiff for the Clinic Manager position[,] Plaintiff's experience, including her employment records from her prior employer, is directly relevant to Plaintiff's failure to promote claims."Defendant's Response at 6. This argument is entirely without merit. Any consideration by the Defendant of the Plaintiff's experience had to be based upon the information that the Defendant had at the time it made the decision not to promote her. Therefore, it is completely irrelevant what her actual experience was; what is relevant is what the Defendant believed it to be at the time.

Next, the Defendant argues that it is entitled to the information it seeks because "evidence concerning Plaintiff's prior employment is discoverable and relevant to show Plaintiff's credibility and motive in bringing suit."However, the Defendant points to nothing that indicates that the Plaintiff was untruthful to the Defendant or her other employers; rather, the Defendant simple wants to "fish around" in order to see what it might uncover. Similarly, the Defendant argues that information from the Plaintiff's current employer might demonstrate that any emotional distress she is experiencing was not caused by the Defendant, but rather by "disciplinary, performance, attendance or other issues" in her current position. There does not appear to be any reason to believe that is the case, however, and, again, the Defendant simply is not entitled to amass a collection of documents in hopes of finding something useful. The same is true with regard to the Defendant's assertion that it is entitled to the discovery in question because it might lead to evidence that would support an after-acquired evidence defense.

Because the Defendant has failed to demonstrate that its subpoenas to the Plaintiff's past and current employers are based upon anything other than the Defendant's hope that the documents sought might prove useful in this case, the Plaintiff's motion to quash the subpoenas is **GRANTED.**

SO ORDERED.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2008 WL 151836 (S.D.Ind.)

S.D.Ind.,2008.
Woods v. Fresenius Medical Care Group of North
America
Not Reported in F.Supp.2d, 2008 WL 151836
(S.D.Ind.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EEOC, ET AL., | ) | DOCKET NO. 03 C 6576 |
| | ) | |
| Plaintiffs,) | | |
| | ) | |
| vs. | ) | |
| | ) | |
| PEPSI AMERICAS, INC., | ) | Chicago, Illinois |
| | ) | September 17, 2004 |
| Defendant.) | | 9:00 o'clock a.m. |

TRANSCRIPT OF PROCEEDINGS BEFORE THE HONORABLE
MILTON I. SHADUR, Judge

APPEARANCES:

For the Plaintiffs:
            MS. JUNE WALLACE CALHOUN

For the Defendant:
            MS. REGINA W. CALABRO

For the Intervenor:
            MS. ALENNA K. BOLIN




JESSE ANDREWS
Official Court Reporter - U. S. District Court
219 S. Dearborn Street
Chicago, Illinois  60604
(312) 435-6899

        *     *     *     *     *     *

2

1        THE CLERK:   03 C 6576, Equal Opportunity vs. Pepsi

2 Americas.

3        MS. BOLIN:   Good morning, your Honor.   Alenna Bolin

4 on behalf of plaintiff intervenor Renaee Henry.

5        MS. CALHOUN:   Good morning, your Honor.   June Wallace

6 Calhoun on behalf of the EEOC.

7        MS. CALABRO:   Good morning, your Honor.   Regina

8 Calabro on behalf of the defendants.

9        THE COURT:   What's the predicate for seeking this

10 information?

11        MS. CALABRO:   Your Honor, we have three reasons for

12 seeking the current employments records for Mr. Henry.

13 Probably the primary reason would be the medical records that

14 have been turned over indicate that she is continuing to

15 complain about anxiety and stress at her new job, and that is a

16 strong element in damage.   We are seeking her employment

17 records to see what's causing her anxiety and stress at her

18 employment.

19        During her deposition she testified that she was

20 enjoying her new job, yet her medical records reflect she has

21 complained about that job, but the medical records don't

22 provide any details.

23        THE COURT:   Did you ever complain about yours?

24        MS. CALABRO:   Do I ever complain about mine?

25        THE COURT:   Yes.   I mean I am not quite sure that

3

1　that --

2　　　　　MS. CALABRO: But I don't have a complaint on file

3　seeking damages for anxiety and stress.

4　　　　　THE COURT: Well, let me ask plaintiffs' counsel.

5　What about it?

6　　　　　MS. BOLIN: Your Honor, I have looked through the

7　medical records, and I have not seen anything in those records

8　that relate to stress on her job. There were two medical

9　records relating to stress that occurred during the time that

10　she was employed at her current job. She saw her doctor a

11　couple of days after her boyfriend died, and it did note that

12　there he was stress relating to that incident, it was not

13　related to work.

14　　　　　There was also another incident where it referred to

15　stress. This was about one to three days after she learned

16　that her deposition in this case would be scheduled. She

17　testified at her deposition that in preparing for depositions,

18　answering interrogatories was very stressful.

19　　　　　THE COURT: All right. That's one strike. What's

20　your other reason or reasons?

21　　　　　MS. CALABRO: My response to that, your Honor, is

22　that there is a medical document.

23　　　　　THE COURT: You are not going to get it. You know,

24　look. There is too much is potential prejudice to somebody's

25　current employment. By taking this job she is essentially

4

1  mitigated her damages so it cuts off any potential money

2  exposure for Pepsi.  The idea that -- for example, something

3  could be done that would enlarge Pepsi's exposure because maybe

4  her employer -- current employer would take a dim view of

5  learning about this action or being deposed or anything else,

6  doesn't seem me to serve anybody's interest.

7          So what's the other reason or reasons?

8          MS. CALABRO:  Well, your Honor, the other reasons

9  were -- one is credibility.  We would like to verify on her

10 application what recent employers she has listed and she might

11 have included --

12         THE COURT:  You are not going to do get that one

13 either.

14         What's the third reason?

15         MS. CALABRO:  May I just finish that point, your

16 Honor?

17         THE COURT:  Yes.  You've finished, really.

18         MS. CALABRO:  We have asked for it --

19         THE COURT:  You know, I really take a very dim view

20 of this.  This has all of the earmarks of basically harassment.

21 This is the kind of thing for which discovery is not geared.

22 And especially in a situation in which there has been a cut off

23 by reason of the acceptance of a new job that really says from

24 this point forward there is no problem with frontpay, so don't

25 look a gift horse in the mouth.

5

1          *What else if anything do you have?*

2               *MS. CALABRO:  Well, credibility is going to be an*

3    *important issue in this case.  And we have asked for past tax*

4    *returns and W-2s from Ms. Henry.  And we know that there is*

5    *certain -- she's claimed she had certain employment since Pepsi*

6    *but did not turn in W-2s for those records of employment.  So*

7    *one aspect of this request is to review her employment*

8    *application and see what employers she is claiming on that*

9    *application since the time she worked at Pepsi.*

10              *THE COURT:  If she claims to have other employments*

11   *and I don't know whether her tax return would yet -- the*

12   *current tax return -- would yet show that, I don't know when*

13   *that took place.  It may be during this year, in which case the*

14   *return would not yet have been filed.  But if you have some*

15   *disparity in that, there will be time enough to consider*

16   *possibility again if you have to query her credibility on that*

17   *score.*

18              *MS. CALABRO:  We have asked for the tax records, your*

19   *Honor, repeatedly, and plaintiff's counsel has told us for a*

20   *few weeks now that she was going to provide those, and we still*

21   *haven't received them.*

22              *THE COURT:  That's a different issue.*

23              *MS. BOLIN:  It's a different issue.  We have turned*

24   *over the W-2s and identified her previous employers.  And there*

25   *was one employer that she's taking the deposition of September*

6

1 27th and will have an opportunity to inquire.

2          THE COURT:  They haven't disputed, as I see their

3 motion, the other temporary or interim employments.  So you are

4 going to be able to get that discovery.

5          Any other similarly meritorious grounds?

6          MS. CALABRO:  You Honor, we believe that there is

7 some mitigation, even though she's not asking for backpay or

8 frontpay from the date of her employment with this current

9 employer.  When he applied, the position she applied for and

10 her availability that she indicates on her application, would

11 go to her mitigation efforts.  Ms. Henry claims that she was

12 unable to find employment for a significant period of time.

13          THE COURT:  How is that going to be improved on by

14 the records of when she did get employment?

15          MS. CALABRO:  The employment records would indicate

16 when he told the Chicago Tribune, when he applied to the

17 Chicago Tribune, when she indicated what position she was

18 willing to accept and her availability for employment.

19          THE COURT:  At this point you are going to have to

20 use other means to the extent that any of that information is

21 relevant.  I am going to grant the motion for the protective

22 order.  You are not to pursue her in connection with the

23 present employment certainly at this point.  Whether further

24 circumstances may change that is something that we look at in

25 the further, but not for now.  So I am granting the motion.

7

1    MS. BOLIN: Thank you, your Honor.

2    THE COURT: Thank you.

3  (WHICH WERE ALL OF THE PROCEEDINGS HAD AT THE HEARING OF
   THE ABOVE-ENTITLED CAUSE ON THE DAY AND DATE AFORESAID.)

4

5      C E R T I F I C A T E

 I HEREBY CERTIFY that the foregoing is a true and correct
6 transcript from the report of proceedings in the above-entitled
 cause.

7

    ———————————————
8 JESSE ANDREWS, CSR
 OFFICIAL COURT REPORTER
9 UNITED STATES DISTRICT COURT
 NORTHERN DISTRICT OF ILLINOIS
10 EASTERN DIVISION
 DATED: September 28, 2004

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6576 | **DATE** | 9/17/2004 |
| **CASE TITLE** | Equal Employment` vs. Pepsiamericas, et al | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's and Plaintiff-Intervenor's joint motion for protective order regarding post-termination employment records

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    Motion granted. Defendants are prohibited from issuing a subpoena to the Chicago Tribune and from otherwise contacting the Chicago Tribune with respect to Renaee' Henry's employment.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | |
|---|---|
| No notices required, advised in open court. | |
| No notices required. | |
| Notices mailed by judge's staff. | |
| Notified counsel by telephone. | |
| ✓ Docketing to mail notices. | |
| Mail AO 450 form. | |
| Copy to judge/magistrate judge. | |

number of notices

SEP 20 2004
date docketed

docketing deputy initials

**Document Number**

29

SN   courtroom deputy's initials

date mailed notice

mailing deputy initials

Date/time received in central Clerk's Office

Westlaw.

Slip Copy                                                                                                    Page 1
Slip Copy, 2007 WL 4201132 (E.D.Mich.)

**H**Dupuis v. City of Hamtramack
E.D.Mich.,2007.
Only the Westlaw citation is currently available.
United States District Court,E.D. Michigan,Southern
Division.
Ronald Jay DUPUIS II, Plaintiff,
v.
CITY OF HAMTRAMACK, James Doyle, Donald
Crawford, Prema Graham, Dennis Publishing, Inc.,
and Dennis Digital, Inc., jointly and severally, as well
as individually and/or in their official capacities,
Defendants.
andPrema Graham, Counter-Plaintiff and Third Party
Plaintiff,
v.
Ronald Jay Dupuis II, Counter-Defendant,
City of Hamtramack, James Doyle, and Donald
Crawford, Third Party Defendants.
No. 2:06-CV-14927.

Nov. 28, 2007.

Gary T. Miotke, Allen Park, MI, for
Plaintiff/Counter-Defendant.
Charles S. Rudy, Allen Brothers, Detroit, MI, for
Defendants/Third Party Defendants/Counter-Plaintiff
and Third Party Plaintiff.
Christopher J. Trainor, Clifford G. Prebay, Trainer
Assoc., White Lake, MI, for Defendants/Counter-
Plaintiff and Third Party Plaintiff.

*OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF/COUNTER-
DEFENDANT'S MOTION FOR SANCTIONS (docket
# 38)*

PAUL J. KOMIVES, United States Magistrate Judge.
**\*1** This matter is before the Court on
plaintiff/counter-defendant Ronald Jay Dupuis's
(Dupuis) motion for sanctions and other relief against
defendant/counter-plaintiff Prema Graham (Graham),
filed on October 10, 2007. Dupuis seeks sanctions,
including disqualification of Graham's counsel and
default judgment, for counsel's failure to provide
notice of subpoenas issued to nonparties and to the
City of Hamtramack, and for serving a subpoena on a
party directly (Hamtramack) instead of on the party's
attorney. On October 23, 2007, defendants/third-

party defendants City of Hamtramack, James Doyle,
and Donald Crawford filed a brief joining in Dupuis's
motion. Graham filed a response to the motion on
October 22, 2007, and Dupuis filed a reply on
November 7, 2007. The Court heard argument on the
motion on November 15, 2007, at which time the
Court took the matter under advisement.

The facts relevant to the instant motion are fully set
forth in the parties' briefs, and need not be recounted
in detail here. It is undisputed that counsel for
Graham served subpoenas on Hamtramack and the
Southgate Police Department without providing prior
or contemporaneous notice to the other parties to this
case. It is also undisputed, at this point, that such
notice was required by Rule 45, which provides that
"[p]rior notice of any commanded production of
documents and things or inspection of premises
before trial shall be served on each party in the
manner prescribed by Rule 5(b)."FED. R. CIV. P.
45(b)(1).See Florida Media, Inc. v. World
Publications, LLC, 236 F.R.D. 693, 694
(M.D.Fla.2006); Spencer v. Steinman, 179 F.R.D.
484, 487 (E.D.Pa.1998). What is disputed is the
reason for this violation of Rule 45(b)(1) and,
relatedly, whether and to what extent Graham or her
counsel should be sanctioned for this violation.

Counsel for Graham contends that the failure to
provide notice was a clerical error by counsel's clerk,
who did not realize that such notice was necessary,
and that the problem has since been corrected. The
other parties doubt the sincerity of this explanation,
reasoning quite logically that, were that the case,
counsel would not have persisted in his position that
no notice was required under Rule 45. The Court
agrees. If, as Graham's current counsel now contends,
the lack of notice was a simple oversight on the part
of counsel's clerk, then the problem should have been
swiftly remedied when brought to his attention.
However, Graham's counsel refused to acknowledge
that notice to the other parties was required by Rule
45. Instead, counsel demanded that counsel for
Dupuis provide legal support for this requirement,
and when he did so Graham's counsel persisted in his
view that notice was not required. This required
either a complete misunderstanding of the law on
counsel's (and not his clerk's) part, or a willful failure

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy                                                                                                                              Page 2
Slip Copy, 2007 WL 4201132 (E.D.Mich.)

to provide notice. In either event, the error cannot be passed off as a simple clerical error on the part of counsel's clerk.

**\*2** With this in mind, the question becomes whether Dupuis and the other parties are entitled to sanctions. Primarily, the parties seek disqualification of Graham's counsel and/or dismissal of Graham's claims (and, presumably, a default judgment against Graham with respect to Dupuis's claims against him). The Court concludes that neither of these severe sanctions is appropriate here.

"[A]ttorney disqualification is a drastic remedy which courts should hesitate to impose except when absolutely necessary because it may create delay and deprive parties of their chosen legal advisor."*Andrew Corp. v. Beverly Mfg. Co.,* 415 F.Supp.2d 919, 925 (N.D.Ill.2006) (internal quotation and alternations omitted); *see also, Employment Discrimination Litig. Against Ala.,* 453 F.Supp.2d 1323, 1331-32 (M.D.Ala.2001). Although not excusing counsel's conduct, the Court concludes that disqualification would be too drastic in light of the nature of counsel's conduct, when considered with the effect it will have on Graham's right to have his choice of counsel and the further cost and delay which may be engendered by a substitution of counsel at this stage of the litigation.

Likewise, the Court concludes that dismissal or default is not appropriate here. Ordering dismissal or default [FN1] to sanction a party to the litigation is usually reserved for situations akin to contempt of court or other abusive practices. *See, e.g. Chambers v. NASCO,* 501 U.S. 32, 45-46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). Generally, this sanction is not available unless the conduct of the complaining party was done willfully, maliciously, or in bad faith. *See, e.g., National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 640, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam). Before imposing a sanction of dismissal or default, a court should consider the prejudice to the complaining party, the degree of the wrongdoer's culpability, the availability of other measures to redress the problem, and the societal interest in the efficient administration of justice. *See United States v. Shaffer Equip. Co.,* 11 F.3d 450, 462-63 (4th Cir.1993), *cited with approval by*

*Coleman v. American Red Cross,* 23 F.3d 1091, 1094 n. 1 (6th Cir.1994). As the Sixth Circuit has summarized, in determining whether dismissal is an appropriate sanction for failure to comply with discovery orders, a court should consider four factors:

> FN1. The Court applies the same standard to determine whether default is an appropriate sanction as it does to determine whether dismissal is appropriate. *See Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1073 (6th Cir.1990); *Bratka v. Anheuser-Busch Co.,* 164 F.R.D. 448, 459-60 (S.D.Ohio 1995); *In re Sams,* 123 B.R. 788, 790 (Bankr.S.D.Ohio 1991).

The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the [offending] party's failure to cooperate in discovery; the third factor is whether the [offending] party was warned that failure to cooperate could lead to dismissal; and the fourth factor is whether less drastic sanctions were imposed or considered before dismissal [is] ordered. *Bass v. Jostens, Inc.,* 71 F.3d 237, 241 (6th Cir.1995); *accord Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1073 (6th Cir.1990)."Consideration of these factors should be given with reference to the dual purposes underlying the use of dismissal as a sanction for willful noncompliance with discovery, namely, of punishing the offending party and deterring future litigants from engaging in similar misconduct."*Reese Corp. v. Rieger,* 201 B.R. 902, 907 (E.D.Mich.1996) (citing *Bass,* 71 F.3d at 241). Further, all these factors must be weighed against the strong policy that favors disposition of cases on their merits. *See Little v. Yeutter,* 984 F.2d 160, 162 (6th Cir.1993); *see also, Shaffer Equip.,* 11 F.3d at 462;*Reese Corp.,* 201 B.R. at 907 ("Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on the merits is dismissal appropriate.") (citing *Meade v. Grubbs,* 841 F.2d 1512, 1520 n. 7 (10th Cir.1988)).

**\*3** Even if counsel's conduct were sufficiently egregious to warrant dismissal or default, the other factors weigh against such a sanction. The parties have pointed to no specific prejudice resulting from

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy                                                                                          Page 3
Slip Copy, 2007 WL 4201132 (E.D.Mich.)

their lack of notice that cannot be remedied through other sanctions. Further, although counsel failed to comply with the plain terms of Rule 45(b)(1), counsel did not violate an order of this Court, and had not been previously warned that his conduct could lead to dismissal or default. Further, lesser sanctions, as discussed below, do not appear inadequate either to remedy any prejudice or to correct counsel's conduct in the future. For these reasons, the Court concludes that the extreme sanction of dismissal and default, like the extreme sanction of disqualification, is not warranted.

Nevertheless, it is clear that counsel violated the clear language of Rule 45(b)(1) and persisted in his position well past the time he had notice that his interpretation of the rule was clearly in error. In light of this violation, the other parties are entitled to recover from Graham's counsel the costs and attorney fees incurred in connection with the subpoenas and this motion. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec,* 476 F.Supp.2d 913, 930 (N.D.Ill.2007); *Mid-Atlantic Constructors, Inc. v. Stone & Webster Constr., Inc.,* 231 F.R.D. 465, 467 (E.D.Pa.2005). Further, pursuant to the representation of Graham's counsel at the hearing, counsel will be directed to provide copies of all documents received as a result of the subpoenas to each party.

Accordingly, it is ORDERED that plaintiff/counter-defendant Dupuis's motion for sanctions is hereby GRANTED IN PART and DENIED IN PART. It is further ORDERED that:

1. The parties submit, by letter addressed to the Court and the other parties, affidavits and itemized billing statements reflecting the costs and attorney fees incurred in connection with the subpoenas and this motion within 7 days of the date of this Order. Counsel for Graham may file a reply letter disputing the reasonableness of any fees claimed within 7 days of receipt of the other parties' letters. The Court will then award an appropriate sanction.

2. Within 7 days of the date of this Order, counsel for Graham provide copies of all materials received as a result of the subpoenas to each party.

The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any

objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

E.D.Mich.,2007.
Dupuis v. City of Hamtramack
Slip Copy, 2007 WL 4201132 (E.D.Mich.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1998 WL 430546 (S.D.N.Y.)

► Conrod v. Bank of New York
S.D.N.Y.,1998.
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
Elizabeth CONROD, Plaintiff,
v.
The BANK OF NEW YORK, Defendant.
**No. 97 Civ. 6347(RPP).**

July 30, 1998.

Rachel J. Minter, New York City, for plaintiff.
Kelley Drye & Warren LLP, New York City, by
Kevin J. Walsh, for defendant and pro se.

## OPINION AND ORDER

PATTERSON, J.
*1 Defendant's counsel moves for reargument and
reconsideration of this Court's order, rendered from
the bench on April 6, 1998, sanctioning counsel for
the defendant and imposing a fine in the amount of
$1,000.00. For the following reasons this motion is
denied.

### Background

On April 2, 1998, the parties appeared before the
Court regarding confidentiality issues raised by
personal counsel to Robert Morena ("Morena"), a
former employee of defendant. Morena's concern, in
part, related to the possible negative consequences
that would flow from the defendant's representatives
advising his present employer of plaintiff's
allegations against him. The Court made known its
concern that Morena's employment might be
jeopardized and directed defense counsel to draft a
confidentiality agreement to protect Morena in
accordance with an agreement reached in Court on
March 24, 1998.FN1 That same afternoon, on April 2,
1998, without having entered into the confidentiality
agreement, defense counsel served a third-party
subpoena on plaintiff's current employer, Fred Alger
Management, Inc., without any notification to
plaintiff's counsel. In response to an April 2, 1998
emergency letter motion from plaintiff's counsel, the
Court quashed the subpoena and ordered the parties

to appear at a hearing on April 6, 1998.

FN1. Counsel for Morena participated in the
Court conference via telephone.

At the April 6, 1998 hearing, the Court imposed
sanctions on defense counsel for the conduct and
manner in which it conducted this discovery.
(Transcript of April 6, 1998 Hearing before
Patterson, J. ("Tr.") at 19.) Specifically the Court
found that in view of their awareness of the Court's
concern regarding employment relationships and
their obligation to give prior notice to plaintiff's
counsel, defense counsel should not have served a
subpoena on plaintiff's employer, potentially
jeopardizing her employment relationship, without
first having completed the confidentiality agreement,
and attempting to obtain previously requested
documents from plaintiff voluntarily or by way of a
motion to compel (id.).

### Discussion

The standards controlling the reconsideration or
reargument of a motion are set forth in Rule 6.3
(formerly Rule 3(j)) of the Local Rules of the
Southern District of New York. Under Rule 6.3
reconsideration is appropriate only if "the Court
overlooked controlling decisions or factual matters
'that might materially have influenced its earlier
decision.' " Herman Miller, Inc. v. Worth Capital,
Inc., 97 Civ. 7878(SAS), 1998 WL 226202, at *1
(S.D.N.Y. May 4, 1998) (quoting Anglo American
Ins. Co. v. Calfed, Inc., 940 F.Supp. 554, 557
(S.D.N.Y.1996)).See also Paredes-Ravelo v. United
States, 96 Civ. 3680(JFK), 1998 WL 185324 at *1
(S.D.N.Y. April 17, 1998). The party moving for
reargument must identify specific facts which the
court purportedly overlooked, and may not advance
new facts, issues or arguments which were not
previously heard before the court. See Bank Leumi
Trust Co. of New York v. Istim, Inc., 902 F.Supp. 46,
48 (S.D.N.Y.1995). Rule 6.3 is to be "narrowly
construed and strictly applied to avoid repetitive
arguments on issues that have been considered by the
court." Anglo American Ins. Group v. Calfed Inc.,
XCF, 940 F.Supp. 554, 557 (S.D.N.Y.1996) (internal
citation omitted).

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1998 WL 430546 (S.D.N.Y.)

**\*2** Defense counsel neither conferred with the Court nor plaintiff's counsel before issuing a broad subpoena to plaintiff's current employer, in blatant disregard of Federal Rules of Civil Procedure 26(g) and 45(c) and Local Rule 37.2, all of which are aimed at curbing discovery abuse by parties to resolve their differences in conference prior to issuing a motion to compel or for a protective order.[FN2] Defense counsel served the subpoena in spite of being apprised of the Court's concerns about the nature of legal claims becoming known to a person's current employer and the effects of that information on a person's current and future employment prospects, at the conference during Morena's motion for a protective order held the very morning before the subpoena was served. (Transcript of April 2, 1998 Hearing before Patterson, J.). By issuing a subpoena to plaintiff's current employer, defense counsel caused plaintiff to worry about her continued employment relationship, in a manner amounting to harassment. Because of the direct negative effect that disclosures of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort. "[T]he spirit of [26(g) ] is violated when discovery is used as a tactical weapon rather than to explore a party's claims and the facts connected therewith." *In re Weinberg,* 163 B.R. 681, 684 (Bankr.E.D.N.Y.1994) (internal citation omitted). The same is true with respect to third-party subpoenas issued in the early discovery phase of a discrimination litigation.

> FN2. Subdivision (g) was added to Rule 26 in order to "impose [ ] an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37.... [It] provides a deterrent to both excessive discovery and evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request ..."Fed.R.Civ.P. 26 advisory committee's 1983 note.

Defense counsel has failed to meet its burden of showing that the Court overlooked any matter of law or fact which would have altered the basis on which sanctions were imposed. The new cases cited by

defense counsel are inapposite.[FN3] Defense counsel also claims that the Court overlooked the fact that, in response to defendant's first request for document production relating to plaintiff's current employment, plaintiff produced only a single document and made no objections or claims of privilege regarding other documents. Therefore, it asserts, it was reasonable to conclude that further documents would only be available through the issuance of the subpoena in question (Defense Counsel's Mem. at 2). This claim was raised and considered by the Court at the April 6, 1998 Hearing (Tr. 3-12), and is also unavailing. Defense counsel issued its overly broad subpoena without first consulting with plaintiff or the Court, and without first completing the confidentiality agreement which it had agreed to draft.[FN4]

> FN3. For example, in *Chazin v. Lieberman,* cited by defense counsel, this Court found that an individual's privacy interests could be overcome, in some circumstances by an opposing party's need for information, justifying the issuance of a subpoena. *Chazin v. Lieberman,* 129 F.R.D. 97 (S.D.N.Y.1990). However, this Court, in imposing sanctions, was well aware of this principle of discovery (Tr. 16, 19). The issue here is that defense counsel issued such a subpoena without adequately first attempting to obtain the information it sought through other means, and without first completing the confidentiality agreement which it had agreed to draft.

> FN4. Defense counsel claims that it needed documents from plaintiff's current employer prior to deposing the plaintiff in order to evaluate her claims that her new position paid her less salary and benefits than the position she claims to have been constructively discharged from. However, such information might have been obtained from plaintiff by means of a motion to compel production of the relevant documents, and defense counsel has failed, to date, to explain the relevance of documents requested relating to "attendance," "evaluations," and "discipline" to plaintiff's activities while its employee.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1998 WL 430546 (S.D.N.Y.)

### *Conclusion*

For the foregoing reasons, defense counsel's motion for reargument and reconsideration of sanctions is denied.

IT IS SO ORDERED

S.D.N.Y.,1998.
Conrod v. Bank of New York
Not Reported in F.Supp.2d, 1998 WL 430546 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.