```
           IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION


EEOC, ET AL.,                        ) DOCKET NO. 03 C 6576
                                     )
              Plaintiffs,)
                                     )
    vs.                              )
                                     )
PEPSI AMERICAS, INC.,                ) Chicago, Illinois
                                     ) September 17, 2004
                         Defendant.) 9:00 o'clock a.m.


        TRANSCRIPT OF PROCEEDINGS BEFORE THE HONORABLE
                  MILTON I. SHADUR, Judge

APPEARANCES:

For the Plaintiffs:
              MS. JUNE WALLACE CALHOUN

For the Defendant:
              MS. REGINA W. CALABRO

For the Intervenor:
              MS. ALENNA K. BOLIN




                      JESSE ANDREWS
       Official Court Reporter - U. S. District Court
                   219 S. Dearborn Street
                  Chicago, Illinois  60604
                       (312) 435-6899

                 *   *   *   *   *   *
```

2

1         THE CLERK:  03 C 6576, Equal Opportunity vs. Pepsi
2    Americas.
3         MS. BOLIN:  Good morning, your Honor.  Alenna Bolin
4    on behalf of plaintiff intervenor Renaee Henry.
5         MS. CALHOUN:  Good morning, your Honor.  June Wallace
6    Calhoun on behalf of the EEOC.
7         MS. CALABRO:  Good morning, your Honor.  Regina
8    Calabro on behalf of the defendants.
9         THE COURT:  What's the predicate for seeking this
10   information?
11        MS. CALABRO:  Your Honor, we have three reasons for
12   seeking the current employments records for Mr. Henry.
13   Probably the primary reason would be the medical records that
14   have been turned over indicate that she is continuing to
15   complain about anxiety and stress at her new job, and that is a
16   strong element in damage.  We are seeking her employment
17   records to see what's causing her anxiety and stress at her
18   employment.
19        During her deposition she testified that she was
20   enjoying her new job, yet her medical records reflect she has
21   complained about that job, but the medical records don't
22   provide any details.
23        THE COURT:  Did you ever complain about yours?
24        MS. CALABRO:  Do I ever complain about mine?
25        THE COURT:  Yes.  I mean I am not quite sure that

3

1  that --
2       MS. CALABRO:  But I don't have a complaint on file
3  seeking damages for anxiety and stress.
4       THE COURT:  Well, let me ask plaintiffs' counsel.
5  What about it?
6       MS. BOLIN:  Your Honor, I have looked through the
7  medical records, and I have not seen anything in those records
8  that relate to stress on her job.  There were two medical
9  records relating to stress that occurred during the time that
10 she was employed at her current job.  She saw her doctor a
11 couple of days after her boyfriend died, and it did note that
12 there he was stress relating to that incident, it was not
13 related to work.
14      There was also another incident where it referred to
15 stress.  This was about one to three days after she learned
16 that her deposition in this case would be scheduled.  She
17 testified at her deposition that in preparing for depositions,
18 answering interrogatories was very stressful.
19      THE COURT:  All right.  That's one strike.  What's
20 your other reason or reasons?
21      MS. CALABRO:  My response to that, your Honor, is
22 that there is a medical document.
23      THE COURT:  You are not going to get it.  You know,
24 look.  There is too much is potential prejudice to somebody's
25 current employment.  By taking this job she is essentially

4

1 mitigated her damages so it cuts off any potential money
2 exposure for Pepsi. The idea that -- for example, something
3 could be done that would enlarge Pepsi's exposure because maybe
4 her employer -- current employer would take a dim view of
5 learning about this action or being deposed or anything else,
6 doesn't seem me to serve anybody's interest.
7        So what's the other reason or reasons?
8        MS. CALABRO: Well, your Honor, the other reasons
9 were -- one is credibility. We would like to verify on her
10 application what recent employers she has listed and she might
11 have included --
12        THE COURT: You are not going to do get that one
13 either.
14        What's the third reason?
15        MS. CALABRO: May I just finish that point, your
16 Honor?
17        THE COURT: Yes. You've finished, really.
18        MS. CALABRO: We have asked for it --
19        THE COURT: You know, I really take a very dim view
20 of this. This has all of the earmarks of basically harassment.
21 This is the kind of thing for which discovery is not geared.
22 And especially in a situation in which there has been a cut off
23 by reason of the acceptance of a new job that really says from
24 this point forward there is no problem with frontpay, so don't
25 look a gift horse in the mouth.

5

1  What else if anything do you have?

2  MS. CALABRO: Well, credibility is going to be an
3  important issue in this case. And we have asked for past tax
4  returns and W-2s from Ms. Henry. And we know that there is
5  certain -- she's claimed she had certain employment since Pepsi
6  but did not turn in W-2s for those records of employment. So
7  one aspect of this request is to review her employment
8  application and see what employers she is claiming on that
9  application since the time she worked at Pepsi.

10  THE COURT: If she claims to have other employments
11 and I don't know whether her tax return would yet -- the
12 current tax return -- would yet show that, I don't know when
13 that took place. It may be during this year, in which case the
14 return would not yet have been filed. But if you have some
15 disparity in that, there will be time enough to consider
16 possibility again if you have to query her credibility on that
17 score.

18  MS. CALABRO: We have asked for the tax records, your
19 Honor, repeatedly, and plaintiff's counsel has told us for a
20 few weeks now that she was going to provide those, and we still
21 haven't received them.

22  THE COURT: That's a different issue.

23  MS. BOLIN: It's a different issue. We have turned
24 over the W-2s and identified her previous employers. And there
25 was one employer that she's taking the deposition of September

6

1  27th and will have an opportunity to inquire.
2           THE COURT: They haven't disputed, as I see their
3  motion, the other temporary or interim employments. So you are
4  going to be able to get that discovery.
5           Any other similarly meritorious grounds?
6           MS. CALABRO: You Honor, we believe that there is
7  some mitigation, even though she's not asking for backpay or
8  frontpay from the date of her employment with this current
9  employer. When he applied, the position she applied for and
10 her availability that she indicates on her application, would
11 go to her mitigation efforts. Ms. Henry claims that she was
12 unable to find employment for a significant period of time.
13          THE COURT: How is that going to be improved on by
14 the records of when she did get employment?
15          MS. CALABRO: The employment records would indicate
16 when he told the Chicago Tribune, when he applied to the
17 Chicago Tribune, when she indicated what position she was
18 willing to accept and her availability for employment.
19          THE COURT: At this point you are going to have to
20 use other means to the extent that any of that information is
21 relevant. I am going to grant the motion for the protective
22 order. You are not to pursue her in connection with the
23 present employment certainly at this point. Whether further
24 circumstances may change that is something that we look at in
25 the further, but not for now. So I am granting the motion.

7

1       MS. BOLIN:   Thank you, your Honor.

2       THE COURT:   Thank you.

3    (WHICH WERE ALL OF THE PROCEEDINGS HAD AT THE HEARING OF THE ABOVE-ENTITLED CAUSE ON THE DAY AND DATE AFORESAID.)

4

               C E R T I F I C A T E

5

6  I HEREBY CERTIFY that the foregoing is a true and correct transcript from the report of proceedings in the above-entitled cause.

7

8  JESSE ANDREWS, CSR
    OFFICIAL COURT REPORTER
9  UNITED STATES DISTRICT COURT
    NORTHERN DISTRICT OF ILLINOIS
10 EASTERN DIVISION
    DATED: September 28, 2004

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6576 | **DATE** | 9/17/2004 |
| **CASE TITLE** | Equal Employment` vs. Pepsiamericas, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's and Plaintiff-Intervenor's joint motion for protective order regarding post-termination employment records

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Motion granted. Defendants are prohibited from issuing a subpoena to the Chicago Tribune and from otherwise contacting the Chicago Tribune with respect to Renaee' Henry's employment.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 20 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 29 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |