# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | Susan E. Cox |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1614 | **DATE** | 8/28/2008 |
| **CASE TITLE** | Sylvia Salas vs. 3M Company, et al | | |

**DOCKET ENTRY TEXT**

Motion Hearing held. Status hearing held. Plaintiff's motion to quash [21] is granted. Plaintiff's motion for sanctions [21] is denied. The parties advised the Court of the progress of discovery. The Court inquired regarding settlement. Status hearing set for 9/23/08 at 9:30 a.m. is stricken. Status hearing set for 10/6/08 at 9:30 a.m.

■[ For further details see text below.]   Notices mailed by Judicial staff.

00:05

# STATEMENT

Plaintiff, Sylvia Salas, filed a lawsuit claiming that in 2007 she was inappropriately denied FMLA leave to care for her adult child suffering from mental and learning disabilities as well as pancreatitis, a serious and potentially life-threatening condition. Plaintiff now moves to quash subpoenas served by defendants on plaintiff's former and current employers as well as plaintiff's daughter's former and current employers. Plaintiff contests both the timeliness of the subpoenas and argues that the subpoenas are unduly harassing and intrusive. Defendants claim, however, that they provided proper notice because notice was given contemporaneously with the issuance of the subpoenas. Defendants also argue that the subpoenas seek relevant information relating to plaintiff's emotional distress claim and will likely show plaintiff's stated reason for being terminated from her position with defendant 3M.

"The scope of materials obtainable by a Federal Rule of Civil Procedure 45 subpoena is as broad as permitted under the discovery rules."[1] Therefore, if the material sought is not privileged, relevant, and likely to lead to admissible evidence, it is obtainable through a subpoena.[2] The rules also protect individuals subject to subpoenas from undue burden or expense.[3] To determine whether a Rule 45 subpoena is unduly burdensome, courts weigh several factors, including: (1) relevance; (2) the need for the documents; (3) the scope of the document request; and (4) the burden imposed.[4]

First, defendants cite several other circuits to support their argument that notice was proper when provided contemporaneously with the issuance of the subpoena. Rule 45(b)(1) provides that when a subpoena commands the production of documents, "before it is served, a notice must be served on each party."[5] Citing *Butler v. Biocore Medical Technologies, Incorporated,* defendants claim that "prior notice" is interpreted to mean notice that is provided at the same time as the issuance of the subpoena because the opposing party still has time to object.[6] Curiously, the court in *Butler,* however, stated that "for an objection to be reasonably possible, notice must be given well in advance of the production date."[7] The court, therefore, held that notice was required to be

**STATEMENT**

given "prior to service of a subpoena," not at the same time as the service of a subpoena.[8,9]

Defendants also cite a district court in New York, where the court held that because the party failed to provide notice prior to its issuance, or even contemporaneously with its issuance, the subpoena would be quashed.[10] That case, however, does not support the proposition that the language in Rule 45 - which states that *before* a subpoena is served, notice must be provided - somehow now can be interpreted to mean contemporaneous service is sufficient. The court in that case merely stated that the party had failed to provide service at all. Under this analysis, therefore, defendants did not provide proper notice. Despite this conclusion, the ruling in this matter does not turn on the issue of notice.

Plaintiff also claims that the subpoenas at issue unduly intrude and harass plaintiff and her daughter. The Court agrees. The discovery sought by defendants through these subpoenas does not meet the requirement of being reasonably calculated to lead to the discovery of admissible evidence but, even if it did, that alone is not sufficient to justify their enforcement.[11] Especially in employment discrimination cases, if filing such cases "opens up the prospect of discovery directed at all previous, current, and prospective employers, there is a serious risk that such discovery can become 'an instrument for delay or oppression.'"[12] Judge Shadur similarly ruled when he entered a protective order in a case where a defendant sought the plaintiff's current employment records because they wanted to find out what was causing the plaintiff's anxiety and stress at her job.[13] Judge Shadur held that "too much is potential prejudice to somebody's current employment," and further noted that such discovery had "all of the earmarks of basically harassment."[14] Here, the Court finds that plaintiff has a legitimate concern that a subpoena sent to her current employer (for whom she has worked for less than two months) and the employer of her daughter, "under the guise of a discovery request could be a tool for harassment and result in difficulties..."[15] Due to the direct negative effect that disclosures of disputes with previous employers can have on an employee and their current employment, subpoenas in these circumstances should be used, if at all, as a last resort.

In this case, there are other less intrusive, and more effective, methods to explore plaintiff's emotional distress claim, which do not present the same risks. Further, the Court notes that plaintiff has supplied full investigation discovery already. Finally, the slender prospect that plaintiff gave a different reason than discrimination as her reason for leaving the defendant's employ simply does not warrant this intrusion into her present employment relationship. Accordingly, weighing the burden of discovery with its likely benefit, pursuant to Rule 26(b)(2), the Court grants plaintiff's motion to quash [dkt 21]. Though plaintiff requests sanctions, the Court declines to award them here.

1. *Graham v. Casey's General Stores,* 206 F.R.D. 251, 253 (S.D. Ind. 2002).

2. *Jackson v. Brinker,* 147 F.R.D. 189, 194 (S.D. Ind. 1993).

3. Fed.R.Civ.P. 45(c)(1); *see also Guy Chemical Co., Inc. v. Romaco AG,* 243 F.R.D. 310, 313 (N.D. Ind. 2007).

4. *Whitlow v. Martin,* No. 04-3211, 2008 WL 2414830, at *3 (C.D. Ill. June 12, 2008).

5. Fed.R.Civ.P. 45(b)(1).

6. 348 F.3d 1163, 1173 (10th Cir. 2003).

7. *Butler,* 348 F.3d at 1173.

8. *Id.*

9. Fed.R.Civ.P. 45(b)(1).

10. *Schweizer v. Mulvehill,* 93 F.Supp.2d 376, 412 (S.D.N.Y. 2000).

11. *See Perry v. Best Lock Corp.,* No. 98-936, 1999 WL 33494858, at *2 (S.D. Ind. January 21, 1999).

12. *Perry,* 1999 WL 33494858 at *2.

13. *See Transcript of Record at 3-4, EEOC v. Pepsi Americas, Inc.,* No. 03-6576 (Sept. 17, 2004).

14. *Id.*

15. *See Graham,* 206 F.R.D. at 258.