IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYLVIA SALAS,<br><br>          Plaintiff,<br><br>     v.<br><br>3M COMPANY and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,<br><br>          Defendants. | No.  08 CV 1614<br><br>Judge  Blanche M. Manning<br>Magistrate Judge  Susan E. Cox |

### JOINT MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER

Plaintiff, Sylvia Salas, and Defendants, 3M Company and Sedgwick Claims Management Services, Inc., pursuant to Federal Rule of Civil Procedure 26(c), jointly move for entry of the Agreed Protective Order to govern the disclosure of confidential and proprietary information contained in the production of certain documents during the course of this litigation.  In support of this joint motion, the parties state the following:

1.      The parties agree that the entry of an appropriate protective order is necessary in order to protect confidential and proprietary information contained in the production of certain documents in the course of this litigation.

2.      Accordingly, the parties agree that such confidential and proprietary information and related documents will only be disclosed as provided in the proposed Agreed Protective Order.  (*See* Exhibit A attached).

3.      The parties jointly move for the Agreed Protective Order on the grounds that they have good cause, namely to protect the parties' and non-parties' personal medical information, including but not limited to information related to requests for leave under the Family and

-2-

Medical Leave Act, as well as, the non-parties' employment information, including but not limited to performance or disciplinary employment personnel records; and to protect the Defendants' from financial harm or competitive disadvantage if the information described herein were made available to the general public.

4. All parties' attorneys have agreed to the terms of this proposed Agreed Protective Order and have signed said Agreed Protective Order.

5. The provisions of the attached Agreed Protective Order are necessary to ensure the confidentiality of the documents produced.

WHEREFORE, the parties jointly and respectfully request this Court to enter the attached Agreed Protective Order.

Respectfully submitted,

| s/Kristin M. Case | s/Veronica Li |
|---|---|
| Kristin M. Case | Veronica Li |

Kristin M. Case
The Case Law Firm, LLC
150 North Michigan Avenue
Suite 2700
Chicago, IL 60601
312.920.0400

*Attorney for Plaintiff*

John A. Ybarra (#06196983)
Veronica Li (#6286719)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

*Attorneys for Defendants*

Dated: September 8, 2008

## **CERTIFICATE OF SERVICE**

I, Veronica Li, certify that on September 8, 2008, a copy of the foregoing ***Joint Motion for Entry of Agreed Protective Order*** was filed electronically. Notice of this filing will be sent to the following party by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Kristin M. Case<br>
The Case Law Firm, LLC<br>
150 North Michigan Avenue<br>
Suite 2700<br>
Chicago, IL 60601<br>
312.920.0400

                                                s/Veronica Li
                                                 Veronica Li

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYLVIA SALAS,<br><br>    Plaintiff,<br><br>v.<br><br>3M COMPANY and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,<br><br>    Defendants. | No.  No. 08 CV 1614<br><br>Judge  Blanche M. Manning<br>Magistrate Judge  Susan E. Cox |

### AGREED PROTECTIVE ORDER

    This matter came before the Court, pursuant to Federal Rule of Civil Procedure 26(c), for the entry of the Agreed Protective Order governing the disclosure of documents and information pertaining to proprietary and/or confidential matters (together referred to as "Confidential Information"). Plaintiff and Defendants agree to produce such documents on the agreement that such Confidential Information will be disclosed only as provided herein. The parties jointly move for the Agreed Protective Order on the grounds that they have good cause, namely to protect the parties' and non-parties' personal medical information, including but not limited to information related to requests for leave under the Family and Medical Leave Act, as well as, the non-parties' employment information, including but not limited to performance or disciplinary employment personnel records; and to protect the Defendants' from financial harm or competitive disadvantage if the information described herein were made available to the general public. It appears to the Court that entry of this Order, as agreed to by the parties, is appropriate and good cause therefore has been shown.

    This Agreed Protective Order does and shall provide a method to identify and prohibit the

publication of Confidential Information, documents and testimony, as identified through the procedure herein determined, that may be produced in discovery or otherwise made available to the parties in this matter.

**WITH THE AGREEMENT OF THE PARTIES, IT IS THEREFORE ORDERED THAT:**

1. The parties have agreed to produce certain documents in this matter only on the agreement that the Confidential Information as defined herein and contained in certain documents will be disclosed only as provided herein.

2. This Agreed Protective Order shall govern all materials deemed by any party to be "Confidential Information." Such Confidential Information shall include, but is not limited to, the following:

> (a) Information of 3M that has been treated as confidential or proprietary information by 3M, including, but not limited to, the manner in which it conducts its business operations, trade secrets, and financial information not available to the general public, sensitive or private customer, client, employee, and/or vendor information that is not made known to the general public, and any other information that would potentially cause financial harm or competitive disadvantage to 3M if available to the general public;
>
> (b) Information of Sedgwick that has been treated as confidential or proprietary information by Sedgwick, including, but not limited to, the manner in which it conducts its business operations, trade secrets, and financial information not available to the general public, sensitive or

private customer, client, employee, and/or vendor information that is not made known to the general public, and any other information that would potentially cause financial harm or competitive disadvantage to 3M if available to the general public;

(c) Any and all documents regarding employees or former employees of 3M, other than Plaintiff, including documents that identify that person by name, including employee dependents and family members, whether such documents are linked or otherwise tied to that person's compensation (including bonus, salary or incentive pay), medical history or conditions or treatment, performance or disciplinary employment personnel records, arrests or criminal convictions, or credit history. Confidentiality is necessary to this category of documents because it contains personal identity information and medical information protected by the federal HIPAA law;

(d) Any and all documents regarding employees or former employees of Sedgwick, including documents that identify that person by name, including employee dependents and family members, whether such documents are linked or otherwise tied to that person's compensation (including bonus, salary or incentive pay), medical history or conditions or treatment, performance or disciplinary employment personnel records, arrests or criminal convictions, or credit history. Confidentiality is necessary to this category of documents because it contains personal identity information and medical information protected by the federal

HIPAA law;

(e) Any and all portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits; and

(f) Any personal, financial or medical documents regarding Plaintiff or Plaintiff's family members.

3. The producing party shall not be bound by its own designation of information as Confidential Information. Furthermore, Confidential Information does not include that which was already in the possession of the non-producing party and does not include that which was available to the non-producing party through other means.

4. Any party may designate documents that have already been produced pursuant to the terms of this Agreed Protective Order by providing written notice of any change in designation and specifically referencing the date such documents were originally produced.

5. All information produced or transcribed in this action, including, but not limited to, deposition testimony, interrogatory answers, tangible items, documents, copies thereof, and any extracts, abstracts, charts, summaries or notes made there from, may, at the instance of the parties, be deemed Confidential Information and subject to the restrictions set forth herein.

6. In the case of documents and the information contained therein, documents and information shall be deemed confidential, if the documents are designated Confidential Information by placing the "Confidential" and/or "Attorneys Eyes Only" legend on the face of the document and each page so designated as "Confidential" and/or "Attorneys Eyes Only," or otherwise expressly identified as such. Parties will use their best efforts to limit the number of documents designated as such.

7. Parties will reserve the "Attorneys' Eyes Only" designation for certain of the

Confidential Information produced in discovery that is of such an exceptionally sensitive nature that it is appropriate to further designate such Confidential Information to limit its disclosure accordingly.

8.  Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

9.  Except as otherwise directed by the Court, Confidential Information produced by any party and designated as "Confidential" shall be revealed only to the following qualified recipients:

>   (a) Counsel of record (including law firm employees) for the parties in this action;
>
>   (b) Deposition notaries and staff as necessary to complete the deposition of a qualified recipient;
>
>   (c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness or consultants for purposes of this lawsuit or to perform investigative work or fact research;
>
>   (d) Deponents of the producing party during the course of their depositions or potential witnesses of the producing party in this case;
>
>   (e) The Court (including the Court's personnel) for any purpose the Court finds necessary;
>
>   (f) The parties to this litigation, their officers, directors, supervisors,

and all other employees; and

(g) Such other persons as hereafter may be designated by written stipulation of the parties or by further Order of the Court on motion of any party.

10. Except as otherwise directed by the Court, Confidential Information produced by any party and designated as "Attorneys Eyes Only" shall be revealed only to the following qualified recipients:

(a) Counsel of record (including law firm employees) and in-house counsel for the parties in this action;

(b) Deposition notaries and staff as necessary to complete the deposition of a qualified recipient;

(c) Deponents of the producing party during the course of their depositions or potential witnesses of the producing party in this case;

(d) The Court (including the Court's personnel) for any purpose the Court finds necessary; and

(e) Such other persons as hereafter may be designated by written stipulation of the parties or by further Order of the Court on motion of any party.

11. Any depositions taken in this action (where either the Confidential Information or the documents containing Confidential Information may be disclosed or utilized) shall be attended only by the deponent, the parties, the parties' counsel, the court reporter and/or videographer. All persons attending any deposition(s) in this case shall be subject to this Agreed Protective Order. Should any Confidential Information be disclosed in a deposition, all

Confidential Information and/or documents disclosed therein, and any transcripts made of such deposition, shall be treated in accordance with the terms of this Agreed Protective Order.

12. Documents or information shall not be deemed Confidential Information as to the producing party and no limitations provided for under this Agreed Protective Order shall apply to any such documents or information. The execution of this Agreed Protective Order shall not be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients who are acting as parties in this litigation, conduct discovery, prepare for trial, present proof at trial, or oppose the production or admissibility of any information which have been requested.

13. No person entitled to access Confidential Information shall disclose the contents of any such materials to any other individual, except those individuals who are also permitted to access the materials protected herein, unless the disclosure is agreed upon by all parties and such individual has read and agreed to the terms of this Agreed Protective Order and executed the Statement of Affirmation attached hereto as Exhibit A. If counsel wishes to share the information with anyone else other than persons identified in paragraphs 9 and 10, above, counsel must seek approval in writing from the producing party to do so. If there is a dispute over any "Confidential" and/or "Attorneys Eyes Only" designation, the parties shall follow the procedures set forth in paragraph 16 below.

14. Each counsel shall be responsible for providing notice of this Agreed Protective Order and the terms therein to persons to whom they disclose any Confidential Information as defined by the terms of this Agreed Protective Order and having said persons execute the Statement of Affirmation attached hereto as Exhibit A prior to any disclosure of any Confidential Information.

15. Persons to whom Confidential Information is shown shall be informed of the terms of this Agreed Protective Order and advised that its breach may be punished or sanctioned. Such deponents may be shown Confidential Information during their deposition but shall not be permitted to keep copies of said Confidential Information nor any portion of the deposition transcript reflecting the Confidential Information. The parties may pursue any and all civil remedies available to it for any violation of the terms of this Agreed Protective Order.

16. If a party or interested member of the public objects to the designation of information as "Confidential" or "Attorneys' Eyes Only," that party's counsel shall inform opposing counsel in writing that the information should not be so deemed and as to the reasons why, and the parties shall attempt to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute within seven (7) days of the written objection, the party seeking to undo the designation as Confidential Information may apply to the Court for an Order that the information or documents so designated are not entitled to such status and protection. That application must be made within three (3) business days of the expiration of the aforementioned seven (7) day period. The Confidential Information in dispute shall continue to have Confidential Information status during the pendency of any such motion.

17. No copies of Confidential Information shall be made except by or on behalf of the attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under this Agreed Protective Order.

18. All Confidential Information produced in this action shall be used only for purposes of this litigation and not for any other purpose.

19. The termination of this action shall not relieve the parties and persons obligated

hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Agreed Protective Order.

20.     By agreeing to the terms of this Agreed Protective Order, the parties hereto adopt no position as to the admissibility of documents produced subject to this Agreed Protective Order.

21.     Prior to disclosure or use of any Confidential Information in any pleadings, trial or other court proceedings, the parties shall move the presiding Court for reasons noted herein to file under seal any Confidential Information, including without limitation the primary source of such information, as well as any quotation, summary of or other form of such Confidential Information that may be contained in another document or presentation, to file such Confidential Information under seal prior to the filing of any such Confidential Information.

22.     Nothing in this Agreed Protective Order shall be deemed to require disclosure of Confidential Information or material protected by the attorney-client privilege or the work-product doctrine.  The inadvertent production of any other information or document during this litigation shall be without prejudice to any claim that the inadvertently disclosed document contains Confidential Information, attorney-client privileged information, information protected by the attorney work-product doctrine, or information protected by any other legally recognized privilege, and the producing party shall not be held to have waived any rights by an inadvertent production.  If a producing party inadvertently produces a document, the receiving party shall return the original and all copies of the document pursuant to a written request and shall not use any information thus obtained unless allowed to do so by the Court.

23.     No document may be filed under seal absent an order entered by the Court granting a motion, at its discretion, to file said document under seal.  Motion to file under seal

must be filed and noticed for hearing seven (7) days prior to the due date of the particular filing. Moving party must show good cause for sealing the particular document or the portion of the document. Pending entry of such an order and thereafter, the parties shall file under seal any Confidential Information, including without limitation the primary source of such information, as well as any quotation, summary of or other form of such Confidential.

In the event the Court grants the motion to file under seal, sealing shall be accomplished by filing the documents or portions of the documents in a sealed envelope or container on which the following notice shall be attached:

> CONFIDENTIAL—UNDER PROTECTIVE ORDER
>
> The enclosed document has been filed under seal pursuant to the terms of a Protective Order in this action. This envelope shall not be opened or its contents disclosed or examined except by order of the Court or written consent of the parties.

Before the Parties may make such an offer as to the documents and/or Confidential Information, the parties shall propose to the Court an agreed procedure whereby the parties may move to admit the documents and/or Confidential Information into evidence.

24. Nothing in this order shall be construed to affect the admissibility of any document, material or information at any trial or hearing.

25. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the parties may request the return of all previously furnished Confidential Information, including copies, reproductions, abstracts, indices, summaries, and excerpts or extracts (excluding experts or extracts incorporated into any privileged memoranda of the parties, and materials that have been admitted into evidence in this action), and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to return it within fifteen (15) days of said request, with written verification of the

destruction to the producing party by all persons who received Confidential Information.

Agreed to this 8th day of September, 2008.              Agreed to this 8th day of September, 2008.


_____s/Kristin M. Case_____                           _____s/Veronica Li_____
Kristin M. Case (*Attorney for Plaintiff*)              Veronica Li (*Attorney for Defendants*)

Kristin M. Case                                         John A. Ybarra (#06196983)
The Case Law Firm, LLC                                  Veronica Li (#6286719)
150 North Michigan Avenue                               LITTLER MENDELSON
Suite 2700                                              A Professional Corporation
Chicago, IL 60601                                       200 N. LaSalle Street
312.920.0400                                            Suite 2900
                                                        Chicago, IL  60601
                                                        312.372.5520



**ENTERED:**



Date: This __ day of _____, 2008         _____
                                                United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYLVIA SALAS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>3M COMPANY and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,<br><br>　　　　Defendants. | No. No. 08 CV 1614<br><br>Judge Blanche M. Manning<br>Magistrate Judge Susan E. Cox |

### EXHIBIT A
### STATEMENT OF AFFIRMATION

I, _____, hereby consent to and declare as follows:

1. A copy of the Agreed Protective Order executed in the above-captioned matter has been delivered to me and has been carefully reviewed by me.

2. Under the Order, I am authorized to receive Confidential Information, as defined therein.

3. I fully agree to abide by the Agreed Protective Order and will not use or disclose Confidential Information for any purpose other than in assisting in the prosecution, defense, trial, appeal, settlement or other resolution of the claims in dispute in said lawsuit. I further will not use any protected materials for any purpose other than the purpose of this litigation.

4. I agree that I will not disclose any Confidential Information to any person except to the counsel or to others authorized by the Agreed Protective Order to receive such Confidential Information.

5. At the conclusion of the proceeding, and upon the reasonable request of the

-2-

attorneys for the producing party, I will either destroy the tangible Confidential Information that is in my possession (including any notes or extracts therefrom) or return such tangible Confidential Information to the producing party.

6. I further subject myself to the jurisdiction of the United States District Court for the Northern District of Illinois for the purpose of proceedings relating to my performance under, compliance with, or violation of the Agreed Protective Order.

I hereby declare under penalty of perjury that the foregoing is true and correct.

_____
Signature

_____
Printed Name

_____
Date