## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1614 | **DATE** | December 9, 2009 |
| **CASE TITLE** | *Salas v. 3M Company and Sedgwick Claims Mngt. Services, Inc.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the defendants' partial motion for relief from judgment [77-1] is granted in part and denied in part.

■[ For further details see text below.]

00:00

### STATEMENT

On August 25, 2009, the court issued its memorandum and order denying the defendants' summary judgment motion with respect to the plaintiff's FMLA claim. The defendants, 3M Company and its claims administrator, Sedgwick Claims Management, Inc., now seek relief under Fed. R. Civ. P. 60(b)(6), contending that the court used the incorrect version of the FMLA regulations at issue. The court has considered the defendants' motion on an expedited basis in order to accommodate the upcoming December 10, 2009, mediation scheduled in this case. For the reasons stated below, the motion is granted in part and denied in part.

<u>Background</u>. The court assumes familiarity with the claims being asserted, the procedural history of this case, and the court's rulings. Briefly, the plaintiff submitted a request for FMLA leave in order to care for her adult daughter. Sedgwick sent the plaintiff a Notice of Conditional Approval which stated that it was not a final determination of her request and that she needed to submit certain additional information within 15 days in order to have her request considered. Sedgwick states that while it received some information from the plaintiff, the plaintiff did not submit the required information regarding the Activities of Daily Living ("ADL") that her daughter was unable to perform. The defendants assert that the evidence shows that it contacted the plaintiff on several occasions over the phone in order to inform her of her incomplete submission but that she ultimately failed to provide the requested information. Thus, her request for FMLA was denied. The plaintiff asserts that she was never notified either verbally or in writing that she needed to submit additional information about her daughter's ADLs. One of the theories that the plaintiff proffers in support of her FMLA interference claim is that she was not provided notice of the need to provide Sedgwick with additional information as to her daughter's ADLs.

In its summary judgment ruling, the court cited to the relevant 2009 Federal Regulations, § 825.305(c), as cited by the plaintiff in her response and to which the defendants responded in their reply brief, which state in pertinent part that "[t]he employer shall advise an employee whenever the employer finds a certification incomplete or insufficient, and shall state *in writing* what additional information is necessary to

## STATEMENT

make certification complete and sufficient. . . ." 29 C.F.R. § 825.305(c)(emphasis added). The court rejected the defendants' argument in its reply brief that "multiple verbal notices surely accomplished the same goal as a written notice" given that it was undisputed that the plaintiff did not receive written notice, as the 2009 regulation required, of the additional information she needed to provide regarding her daughter's ADLs.

The defendants now move for relief under Fed. R. Civ. P. 60(b)(6), asserting that the court should have used the 1995 regulations and not the revised 2009 regulations, which did not go into effect until January 16, 2009, after the events of this case occurred. According to the defendants, under the 1995 regulations, they only needed to provide oral, not written, notice, to the plaintiff that she needed to provide additional information. The court notes here that while the defendants apparently cited to the 1995 regulations in their opening brief, the plaintiff cited to the 2009 version in her response and the defendants responded to the plaintiff's argument (based on the 2009 regulations) in their reply. Neither party made any mention in their briefs regarding differences between the 1995 version and the 2009 version of the relevant regulations nor made any argument as to which version of the regulations applied. Because the defendants did not object to the plaintiff's use of the 2009 regulations and, indeed, discussed their application to this case, the court applied the 2009 regulations in its prior order.

Standard for deciding motion to reconsider. As an initial matter, the court notes that 60(b)(6) provides for relief only from a "final judgment." Because no final judgment has been entered in this case, Rule 60(b)(6) is inapplicable. *Federated Dept. Stores, Inc. v. M.J. Clark, Inc.*, No. 04 C 879, 2007 WL 2088581, at *3 (N.D. Ill. Jul. 17, 2007)(finding Rule 60(b)(6) inapplicable for relief from a denial of summary judgment). "Instead, it is within the Court's discretionary power to reconsider a previous denial of a summary judgment motion." *Id*. (citation omitted). Accordingly, all of the lengthy arguments by the parties as to whether the instant motion meets the Rule 60(b)(6) standards have not been considered by this court.

Which regulations apply–1995 or 2009? As noted above, the defendants note that the 2009 regulations went into effect on January 16, 2009. The new regulations do not apply retroactively unless so provided by Congress. *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("a statutory grant of legislative rulemaking authority will not, as a general matter, be understood to encompass the power to promulgate retroactive rules unless that power is conveyed by Congress in express terms."). Here, neither of the parties point to any Congressional authority that the 2009 regulations apply retroactively. Accordingly, the court concludes that the 1995 regulations apply.

The parties, however, also dispute which 1995 regulation is applicable. The defendants contend that the applicable 1995 regulation is 29 U.S.C. 825.305(d), which states that:

> (d) At the time the employer requests certification, the employer must also advise an employee of the anticipated consequences of an employee's failure to provide adequate certification. *The employer shall advise an employee whenever the employer finds a certification incomplete, and provide the employee a reasonable opportunity to cure any such deficiency.*

1995 29 U.S.C. § 305(d)(emphasis added). While this section does not indicate whether notice of an incomplete certification must be in writing or can be provided verbally, the defendants point to another subsection, § 305(a), which states that:

> (a) An employer may require that an employee's leave to care for the employee's seriously-ill spouse, son, daughter, or parent, or due to the employee's own serious health condition that makes the employee unable to perform one or more of the essential functions of the employee's position, be supported by a certification issued by the health care provider of the

**STATEMENT**

employee or the employee's ill family member. An employer must give notice of a requirement for medical certification each time a certification is required; such notice must be written notice whenever required by s 825.301. *An employer's oral request to an employee to furnish any subsequent medical certification is sufficient.*

1995 29 C.F.R. § 305(a)(emphasis added).

The defendants assert that their reading of the 1995 regulation that only oral notifications were required for incomplete or insufficient information is further supported by the preamble to the proposed § 825.305(c) in the 2009 regulations. Specifically, the defendants note that the preamble indicates that while § 825.305(c) of the 2009 regulations was in the public comment period, "the AFL-CIO commented that requiring employers to state in writing what additional information was required when they determine that a certification is incomplete or insufficient was justified based on employee complaints of employers making repeated requests for additional information." Motion to Reconsider, Dkt. #77 at 7 (*quoting* Fed. Reg. at 68011). In addition, the defendants note that the preamble further indicates opposition to the requirement that the notice be in writing. Specifically, the "Metropolitan Transportation Authority (NY) opposed the cure procedure, noting that the requirement that employers inform employees in writing of the reasons the certification is deficient imposes an additional administrative burden on employers." *Id*. at 68012. As previously stated, the requirement that written notice of a deficiency be provided was included in the 2009 regulations, and the defendants argue that these statements in the proposed 2009 regulations demonstrate that the 1995 regulations, while not expressly stating, only require oral notice of deficiencies in a medical certification.

The plaintiff, however, argues that a different 1995 regulation applies. Unfortunately, the court is not entirely clear what the plaintiff is arguing. It appears that she is asserting that, because the defendants argued in their motion for summary judgment that the plaintiff had not been initially approved for FMLA leave, the information the defendants claim to have requested orally regarding her daughter's ADLs was "part of the initial certification requirements, and, thus, would be controlled by the 1995 29 C.F.R. 825.301 which dealt with initial requirements." Response, Dkt. #80, at 8. Under the 1995 version of the regulations, 29 C.F.R. § 825.301(b)(1), requires initial *written* notice detailing the employee's obligations. Specifically, it states as follows:

> (b)(1) The employer shall also provide the employee with *written* notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations. The written notice must be provided to the employee in a language in which the employee is literate (see s 825.300(c)). Such specific notice must include, as appropriate:
> . . .
> (ii) any requirements for the employee to furnish medical certification of a serious health condition and the consequences of failing to do so (see s 825.305);
> . . . .

1995 29 C.F.R. § 825.301(b)(1)(emphasis added).

The court, however, is not persuaded by the plaintiff's argument that the request for ADLs was made as part of the initial notice for medical certification. Instead, the record indicates that an initial written notification was provided to the plaintiff but that, according to the defendants, subsequent notifications regarding the need for additional information about the plaintiff's daughter's ADLs were verbal. Therefore, the court finds no support for the plaintiff's contention that the request for information on her daughter's

**STATEMENT**

ADLs was part of the initial notification, which was required to be written.

Thus, having accepted that the applicable regulation here is 1995 29 C.F.R. § 825.305.(d), the question becomes whether such notice of an incomplete certification must be in writing. As discussed above, the defendants contend that it need not be. The plaintiff fails to point to any authority to the contrary and the court has not located any authority for the proposition that, under the 1995 regulations, an employer's notification that a medical certification is incomplete must be in writing. Accordingly, the court agrees that under the 1995 version of § 825.305(d), notice of an incomplete certification need not be in writing.

The defendants next argue that because their obligation was only to provide oral notification, and the undisputed facts show that the plaintiff was notified verbally of the requirement that she provide additional information regarding her daughter's ADLs, the plaintiff cannot show that she was prejudiced by the defendants' failure to provide written notice of the need for supplemental ADL information. The defendants, however, ignore that the plaintiff asserts that she was never told, either in writing or orally, that her medical certification was insufficient to the extent that it did not provide information regarding her daughter's ADLs.

Given that a genuine issue of material fact exists as to this point, the court denies the defendants' request that the court find that the plaintiff was not prejudiced by their failure to provide written notice of the incomplete certification.

In sum, the court grants the defendants' motion to reconsider to the extent that it asks the court to find that the 1995 regulations control and that the 1995 regulations do not require written notice of an incomplete medical certification. The remaining relief requested by the defendants is denied.

RH/p